| UNITED STATES BANKRUPTCY COURT | HEARING DATE: June 29, 2012 |
| EASTERN DISTRICT OF NEW YORK | HEARING TIME: 10:30 a.m. |

-------------------------------------------------- x
In re                                             :
                                                  :  Case No. 11-47385-ess
OTR MEDIA GROUP INC.,                             :
                                                  :  (Chapter 11)
                              Debtor.             :
                                                  :
-------------------------------------------------- x

**UNITED STATES TRUSTEE'S OBJECTION TO THE APPLICATIONS
FOR COMPENSATION OF VARIOUS PROFESSIONALS PURSUANT TO ORDER
AUTHORIZING EMPLOYMENT OF PROFESSIONALS UTILIZED IN THE
ORDINARY COURSE OF BUSINESS**

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this objection (the "Objection") to the applications (the "Applications") of The Law Office of Ariel S. Holzer, PLLC ("Holzer"), Bartfiled & Knopfler ("B&K), GoldmanHarris LLC ("GoldmanHarris"), and Cohen Hochman & Allen ("CHA") (collectively, the "Professionals") (the "Motion") for compensation pursuant to the Court's order authorizing OTR Media Group, Inc. (the "Debtor") to employ and compensate professionals in the ordinary course of business.  In support of the Objection, the United States Trustee represents and alleges as follows:

**I.     STATEMENT OF FACTS**

   **A.     General Background**

   1.     On August 25, 2011 (the "Petition Date"), the Debtor commenced its case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  ECF Doc. No. 1.

   2.     The United States Trustee has not, to date, formed an unsecured creditors' committee in the Debtor's case.

1

3. The Debtor is operating its business and managing its affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. The United States Trustee has not appointed a trustee or an examiner in the case.

5. The Debtor is a full service outdoor advertising company as defined by the New York City Administrative Code. <u>See</u> Declaration of Ari Noe ("Noe") Pursuant to Local Bankruptcy Rule 1007-4, executed on August 25, 2011, (the "Noe Declaration") at 2, ¶ 4, ECF Doc. No. 3. The Debtor provides bulletins, wallscapes and spectaculars in prime real estate locations covering the New York City market and provides media sales and billboard maintenance services to its advertising clientele. <u>Id.</u>

**B. Assets and Liabilities**

6. The Debtor scheduled no real property and personal property with an aggregate value of $7,665,672.90, the vast majority of which consists of leases and contract rights ($6,000,000.00) and receivables ($1,558,562.90). ECF Doc. No. 31, Schedules A and B.

7. The Debtor scheduled secured claims in the aggregate amount of $2,003,223.14. ECF Doc. No. 31, Schedule D. The Debtor's largest secured creditor is Metropolitan National Bank ("MNB"), with a scheduled claim of $1,240,000.00. <u>Id.</u> The balance of the secured claims are tax liens of the United States Internal Revenue Service and the New York City Department of Finance. <u>Id.</u>

8. The Debtor's only scheduled priority unsecured claim is a $71,000.00 claim of the United States Internal Revenue Service. ECF Doc. No. 31, Schedule E.

9. The Debtor scheduled an aggregate of $5,068,473.17 in general unsecured claims. ECF Doc. No. 31, Schedule F.

10. By Order dated January 24, 2012, the Court established March 2, 2012 as the last day for creditors to file claims against the Debtor. ECF Doc. No. 87.

11. To date, the Claims Register contains thirty-five claims filed against the Debtor totaling $8,446,195.66. See Claims Register, Claim Nos. 1-35. This sum total comprises (1) general unsecured claims totaling $6,473,560.33, (2) priority unsecured claims totaling $533,910.64 and 3) secured claims totaling $1,438,724.69. Id. The City of New York (the "City") is the Debtors largest unsecured creditor, with a claim of $2,066,070.15 for Environmental Control Board violations and unpaid taxes. See Claims Register, Claim No. 9.

12. The Debtor's April 2012 operating report reveals a $18,107.22 negative net cash flow and a cash balance of $32,585.74 on April 30, 2012. ECF No. 158.

**E.  The OCP Order**

13. By Order dated April 24, 2012 (the "OCP Order"), the Court established procedures for the Debtor to retain and compensate certain professionals used in the ordinary course of the Debtor's business. ECF No. 128.

14. The OCP Order requires that

> On or before the fifteenth (15th) day of each month following the month for which compensation is sought, the OCP shall file with the Court and serve upon the Debtor, Debtor's counsel, the United States Trustee and counsel for MNB (together, the "Notice Parties") a detailed invoice supporting such OCP's compensation request (the "OCP Compensation Request")

Id., at 3.

14. The OCP Order further directs that

the Debtor shall not pay to any individual OCP an aggregate monthly amount in excess of

3

the monetary cap established for each OCP . . . (the "Monthly Fee Cap")[1]

Id.

15. The OCP Order further provides that

> if an OCP's fees exceed the OCP Monthly Fee Cap, such additional fees shall not be paid in accordance with this Order, but instead, shall be subject to further approval of the Court in accordance with a separate motion and hearing brought under sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Eastern District of New York (the "Local Rules"), and any and all orders and guidelines of the Court.

Id.

### F. The Applications

16. On May 15, 2012, Holzer filed an application seeking payment of $32,229.37 in fees and $304.95 in expenses for services rendered between the Petition Date and April 30, 2012. ECF No. 149.

17. On May 15, 2012, GoldmanHarris filed an application seeking payment of $69,456.15 in fees for services rendered between the Petition Date and April 30, 2012. ECF No. 150.

18. On May 15, 2012, CHA filed an application seeking payment of $5,075.00 in fees for services rendered between the Petition Date and April 30, 2012. ECF No. 151.

19. On May 15, 2012, B&K filed an application seeking payment of $9,944.17 in fees for services rendered between the Petition Date and April 30, 2012. ECF No. 152.

### G. The Motion to Convert or Dismiss

20. On May 18, 2012, the United States Trustee files a motion (the "Motion to

---

[1] Exhibit "A" to the OCP Order sets the Monthly Fee Caps at $6,000.00 for Holzer, $4,000.00 for B&K, $10,000.00 for GoldmanHarris and $5,000.00 for CHA.

Convert or Dismiss") seeking an order converting the Debtor's case to chapter 7 or dismissing the case. ECF No. 154.

21. The Motion to Convert or Dismiss alleges that cause exists to convert or dismiss the Debtor's case because the Debtor has grossly mismanaged its estate by failing to disclose the conviction and incarceration of its principal for criminal tax fraud, making an unauthorized payment to a professional and paying excessive compensation to its principal, and has also failed to pay quarterly fees to the United States Trustee and demonstrated continuing losses and an inability to reorganize. Id., 11 U.S.C. § 1112(b)(4)(A), (B) and (K).

22. The Motion to Convert or Dismiss is scheduled to be heard on June 29, 2012. Id.

## II. OBJECTION

### A. Applicable Law.

Section 330 of the Bankruptcy Code states in pertinent part that, a court may award to professionals retained pursuant to 11 U.S.C. § 327:

> (1) (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person or attorney and by any paraprofessional persons employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses. 11 U.S.C. § 330 . . .
>
> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
>
> (A) The time spent on such services;
>
> (B) The rates charged for such services;
>
> (C) Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330.

The applicant bears the burden of proof in all fee matters. In re Recycling Indus,, Inc., 243 B.R. 396, 401 (Bankr. D. Colo. 2000); In re Keene Corp., 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997); accord In Re Sounds Distributing Corp., 122 B.R. 952, 956 (Bankr. W.D. Pa. 1991) (explaining, "[t]he burden of proof as to the reasonableness of the requested compensation rests with the applicant"). The burden of proof to show entitlement to fees should "not be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors." In re Spanjer Bros., Inc., 191 B.R. 738, 747 (Bankr. N.D. Ill. 1996) (citing In re Pettibone Corp., 74 B.R. 293, 294 (Bankr. N.D. Ill. 1987)).

Under Section 330, the court may award a professional reasonable fees for services that benefitted the estate. In re Lederman Enter., Inc., 997 F.2d 1321, 1323 (10th Cir. 1993). Accordingly, an application for compensation and reimbursement of expenses must demonstrate that the professional's services were necessary and conferred a benefit to the estate or its creditors. In re Engel, 124 F.3d 567, 573 (3d Cir. 1997), citing In re Arkansas Co., Inc., 798 F.2d 645, 650 (3d Cir. 1986). The court has an independent burden to review fee applications "lest overreaching . . . professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." In re Keene Corp., 205 B.R. at 695, quoting In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 844 (3d Cir. 1994). Under Section 330, the bankruptcy court has the

authority to reduce fees or expenses when they are disproportionate to the benefit to the estate, even if it has already approved the professional's retention under Sections 327 of the Bankruptcy Code. In re Taxman Clothing Co., 49 F.3d 310, 316 (7th Cir. 1995).

The Bankruptcy Court has the duty to examine the reasonableness of the fees requested by retained professionals independently, notwithstanding the absence of objections by the trustee, debtor or creditor. In re AutoParts Club, Inc., 211 B.R. 29, 33 (B.A.P. 9th Cir. 1997) (citing In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d at 841).

### B. Applications Exceed the Monthly Fee Cap.

All four Applications seek fees in excess of the Monthly Fee Cap negotiated by the parties and ordered by the Court in the OCP Order. ECF Nos. 128, 149-152. Holzer seeks $32,229.37 when its cap is $6,000.00, GoldmanHarris seeks $69,456.15 when its cap is $10,000.00, CHA seeks $5,075.00 when its cap is $5,000.00, and B&K seeks $9,944.17 when its cap is $4,000.00. Id. In addition, the fact that the Applications seek compensation for multiple months is itself improper. The heavily negotiated terms of the OCP Order unambiguously implement procedures for *monthly* payments, to include the requirement for the filing of an invoice by the fifteenth (15th) day of each month following the month for which compensation is sought, a requirement which the Applications do not meet. ECF No. 128, at 3. The OCP Order does not allow the Debtor to seek compensation for any period greater than one month. Id. Notably, however, the OCP Order contains a provision for the scenario in which the Debtor now finds itself - - fees in excess of the Monthly Fee Cap can be sought by fee application. Id. Accordingly, the Court should enforce the terms of the OCP Order, and only allow fees in the amounts of $6,000.00 for Holzer, $4,000.00 for B&K, $10,000.00 for GoldmanHarris and

7

$5,000.00 for CHA.  The remaining fees can be sought by fee application.  The United States Trustee reserves all rights to raise any objections with respect to the Professionals' compensation and reimbursement of expenses sought in any future interim or final fee applications.

    **C.**    **Even Absent the Monthly Fee Cap, the Debtor Should Not Be Authorized to Pay the Fees Requested**.

The Applications seek an aggregate award of $116,704.69 in fees and expenses.  ECF Nos. 128, 149-152.  This request is made against the backdrop of a Debtor who had $18,107.22 negative net cash flow in April 2012 and a cash balance of $32,585.74 on April 30, 2012.  ECF No. 158.  In addition, the United States Trustee has made serious allegations regarding the Debtor's conduct as a debtor-in-possession and prospects for reorganization, and resolution of these allegations is pending before the Court.  ECF No. 154.  Under these circumstances, a large award and payment of professional fees at this stage of the Debtor's case is not appropriate.

**III. CONCLUSION**

WHEREFORE, the United States Trustee requests that the Court authorize fees of $6,000.00 for Holzer, $4,000.00 for B&K, $10,000.00 for GoldmanHarris and $5,000.00 for CHA, and grant any other and further relief as is just.

Dated: Brooklyn, New York
June 5, 2012

        Respectfully submitted,

        TRACY HOPE DAVIS
        UNITED STATES TRUSTEE
        FOR REGION 2

        By: */s/ William E. Curtin*
        William E. Curtin
        Trial Attorney
        271 Cadman Plaza East, Suite 4529
        Brooklyn, New York 11201
        Tel. No. (718) 422-4960
        Fax. No. (718) 422-4990