Gary M. Kushner
Ronald D. Coleman
Scott D. Simon
GOETZ FITZPATRICK LLP
One Penn Plaza, Suite 4401
New York, New York 10119
Tel: (212) 695-8100
gkushner@goetzfitz.com
rcoleman@goetzfitz.com
ssimon@goetzfitz.com
*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                          Chapter 11

OTR MEDIA GROUP INC.,                                           Case No. 1-11-47385 (ESS)

                       Debtor.

------------------------------------------------------------X

**DECLARATION IN REPLY TO THE OFFICE OF THE UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTOR'S COMPENSATION REQUESTS PURSUANT TO ORDER DATED APRIL 24, 2012 COVERING ORDINARY COURSE PROFESSIONALS**

      **GARY M. KUSHNER**, an attorney licensed to practice law in the State of New York and before this Court, pursuant to 28 U.S.C. § 1746 and under the penalty of perjury, in reply to the objection [the "Objection", ECF No. 165] of the Office of the United States Trustee (the "UST") to the Debtor's submission of compensation requests [the "Compensation Requests", ECF Nos. 149-152] for the Debtor's ordinary course professionals ("OCPs") pursuant to the Court's Order dated April 24, 2012 (the "OCP Order"), declares as follows:

    **I.**    **The Trustee's Objection**

    1.    The Trustee bases its Objection on two main grounds, namely that (a) they are improper to the extent the Compensation Requests exceed the monthly caps set forth in the OCP

Order; and (b) the Debtor should not compensate its professionals in the context of the UST's motion to convert or dismiss the Debtor's Chapter 11 case [ECF No. 154].

2. For the reasons described below, the UST's objection has no merit and the Compensation Requests should be granted.

**II. The OCP Order, as Negotiated, Contemplates *Nunc Pro Tunc* Compensation.**

3. The UST first argues that requested fees should be limited to a single month in light of the fee cap provided in the OCP order. This position contravenes both the discussions I had with the UST and Wayne Davis (counsel for the secured lender, Metropolitan National Bank ["MNB"]) and all principles of common sense.

4. By way of brief background, the original OCP retention application was sent to the UST shortly after the Chapter 11 filing on an *ex parte* basis. Upon its review, the UST requested that the Debtor make a formal application for the retention of OCPs. This was done in November 2011 and approved by the Court in December 2011. The OCP Order, however, took many months to enter on account of a number of circumstances, including the negotiation of specific language requested by both the UST and Mr. Davis.

5. During those discussions, it was brought to everyone's attention the distinct possibility – because of the delay in getting approval for OCP retention – that the OCPs would seek compensation *nunc pro tunc* to the filing date in their first application.

6. The agreed form of Order did not preclude the likelihood that the OCPs' first request would seek compensation in excess of the monthly cap. Indeed, the OCP order provides that "the Debtor shall not pay to any individual OCP an **aggregate** monthly amount in excess of the monetary cap…." (emphasis added). The word "aggregate" was negotiated with this precise concept in mind: There would be no need to discuss an aggregate if the Debtor were limited to

paying a single month's compensation at a time.

7. MNB did not oppose a first "lumped" request, provided that the amounts requested did not exceed the average of the total monthly cap.

8. Indeed Mr. Davis was served with a copy of all compensation requests and has not objected thereto because the OCPs' requests were (a) consistent with the negotiated terms of the OCP order and (b) authorized under multiple cash collateral orders.

9. Common sense further dictates a reversal of the UST's position where, as here, the OCPs have not been paid for almost ten months' worth of work and have patiently awaited entry of the Order with the expectation that these past months' services would be compensated upon their initial request.

### III. The Debtor's Financial Performance is Not an Obstacle to Compensating its Professionals.

10. The UST's second objection is premised on the Debtor's financial performance. Respectfully, the UST continues to confuse the Debtor's cash flow with its profitability.

11. Reference is made to the Debtor's opposition to the UST's motion to convert or dismiss the Debtor's Chapter 11 case [ECF No. 181].

12. In the interest of brevity, it will suffice to say that the Debtor has generated a profit of more than $630,000 since the Petition Date, has used its cash flow to pay down MNB's secured debt, and has increased its accounts receivable while in Chapter 11. More recently, the Debtor learned it will soon receive in excess of $300,000 from two customers who have wrongfully withheld payment based on the City's refusal to vacate a sheriff's levy until recently – under pressure from our office.

13. While the Debtor appreciates the UST's concern for the Debtor's pre-petition

creditors, the Debtor will **not** be paying any OCPs sums of money at the expense of compromising other creditors, even though the Debtor's business model includes a large expense for extensive legal services in order to conduct its business.

14. For the reasons cited above, the Compensation Requests should be approved.

Dated: New York, New York
June 22, 2012

By: /s/Gary M. Kushner
Gary M. Kushner

t:\scottdsimon\otr media group inc\professionals in the ordinary course of business\attorneys ordinary course\gmk declaration in reply ordinary course professionals.doc