TANNENBAUM HELPERN SYRACUSE &
   HIRSCHTRITT LLP
*Counsel for Metropolitan National Bank*
900 Third Avenue
New York, New York 10022
Attn: Wayne H. Davis, Esq.
Tel: (212) 508-6700
Fax: (212) 371-1084
Email: davis@thsh.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                             :

OTR MEDIA GROUP, INC.,           :      Chapter 11
                                              :      Case No. 11-47385 (ESS)
                               Debtor.   :
-------------------------------------------------------------x

## OBJECTION OF METROPOLITAN NATIONAL BANK
## TO APPROVAL OF THE DEBTOR'S DISCLOSURE STATEMENT

Metropolitan National Bank ("MNB"), by its undersigned counsel, hereby objects to the Disclosure Statement filed on June 22, 2012 (the "Disclosure Statement") by OTR Media Group, Inc., the debtor herein ("OTR" or the "Debtor"), with respect to the Debtor's proposed Plan of Reorganization filed on the same date (the "Plan"). In support of its Objection, MNB respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. MNB's objection to the Disclosure Statement has two main components. First, in MNB's view, the Disclosure Statement provides insufficient disclosure with respect to both the nature and amount of MNB's secured claim in this case as well the likelihood of there being distributions sufficient to satisfy its claim. In particular, as a significant portion of MNB's allowed claim is proposed to be satisfied out of proceeds to be realized from the reorganized Debtor's sale of its leases for various of its outdoor sign locations, MNB believes it is critical

that the Disclosure Statement describe the process by which the Debtor proposes to sell such leases as well as the projected timing of, and amount of proceeds expected to be realized from, such sales.

2. In addition, the Disclosure Statement describes various releases to be provided in favor of non-debtor parties without any justification, either from a factual or legal standpoint. MNB believes that the Plan's over-broad release provision should be revised at this stage as it will need to be refined if the plan confirmation process is to move toward a successful conclusion.

### A. Metropolitan National Bank's Secured Claim

3. As reflected in MNB's timely filed proof of claim, the principal amount of MNB's claim as of the August 25, 2011 petition date was $1,237,136.93. As further reflected in MNB's proof of claim, in accordance with the terms of the several interim cash collateral orders entered prior to the filing of MNB's proof of claim, up to that point in the case the Debtor had made monthly payments to MNB which MNB applied to the outstanding principal balance of its loan, resulting in a reduced principal balance as of February 24, 2012 of $1,040,622.92. MNB's proof of claim also indicated that, based on this amount, per diem interest would continue to accrue at the rate of $209.57/day. As of February 29, 2012, reimbursable post-petition expenses, including legal fees, totaled approximately $85,000.

4. Following application of additional payments made from March through July of this year, again pursuant to agreed interim cash collateral orders,[1] as of July 31, 2012 the outstanding principal balance of MNB's loan was $870,570.62 and accrued interest was

---

[1] The most recent Interim Cash Collateral Order, entered on July 25, 2012, covers the period through and including July 31, 2012. As of the date of this Objection, MNB is in the process of reviewing the Debtor's proposed cash collateral budget for the month of August 2012 and anticipates that an agreed budget and proposed cash collateral order for the period through and including August 31, 2012 will be submitted for Court approval within the next several days.

$5,273.58. As of July 31, 2012, unpaid fees, costs and charges owing to MNB in accordance with the terms of its loan documents[2] -- and allowable pursuant to 11 U.S.C. §506(b)[3] -- totaled approximately $127,500. Accordingly, as of July 31, 2012, MNB's outstanding claim against the Debtor totaled approximately $1,003,000.

5. In contrast, the Disclosure Statement describes MNB's claim as being deemed allowed in the principal amount of $898,000, without any acknowledgement of accrued interest or unpaid fees, costs and expenses. MNB submits that the Debtor's disclosure with respect to the nature and amount of MNB's secured claim needs to be revised in order to provide creditors with a full description of the nature and projected amount of MNB's secured claim to be satisfied pursuant to the Plan.

**B.  Lease Sale Process and Prospects**

6. The Disclosure Statement provides that, under the Plan, MNB's Class 1 Secured Claim shall be satisfied as follows:

> "(i) eighteen (18) equal monthly payments of $40,000 commencing immediately [and] continuing through and after the Effective Date, inclusive of contract interest; and (ii) proceeds from the sale of the Leases in such remaining amount as is necessary to fully satisfy the Class 1 Secured Claim."

---

[2] Section 5 of the General Security Agreement dated October 18, 2007 between MNB, as secured party, and OTR, as debtor, provides: The undersigned [OTR] hereby agree(s) to reimburse the Bank for any and all costs and expenses of every kind which may be paid or incurred by the Bank in the collection of, and/or realization upon, and/or the attempted collection of, and/or attempted realization upon, any and/or all of the Obligations and/or any and/or all of the Security, and/or for the insurance and/or in the sale or delivery, as in this agreement provided, of any and/or all of the Security, and for the care of the Security and defending or asserting the rights and claims of the Bank in respect thereof, by litigation or otherwise and the repayment of all such costs and expenses (including legal costs and charges for legal services) is hereby secured in the same manner and to the same extent as any of the Obligations.

[3] The Debtor has acknowledged throughout this case, and it has not otherwise been contested, that MNB's secured claim is secured by property the value of which exceeds the amount of MNB's claim.

7. By its terms, therefore, a material portion of MNB's Class 1 Secured Claim is proposed to be paid out of proceeds to be realized from anticipated Lease sales.[4] In addition to being a key component of the proposed distribution in respect of MNB's secured claim, Lease sales are also specifically identified as a key component of the proposed distribution in respect of the Class 2 Secured Claim of the IRS and will presumably be required to generate a material portion of the cash flow required make the proposed distributions to other claimants as well. Against this backdrop, the Disclosure Statement provides little information regarding the Debtor's proposed Lease sale process and specifically, the timing and amount of the projected sale proceeds. MNB submits that this information is essential to allow creditors to make an informed judgment regarding when and in what amounts proposed distributions will be made and, more generally, whether the Debtor's overall plan is viable.

C. **The Plan's Proposed Release Provisions**

8. The Disclosure Statement describes a series of third party releases, exculpations, indemnifications and injunctions contained within the proposed plan. (Disclosure Statement, pp. 63-64.) MNB objects to the discharge of any non-debtor third-parties, to the extent specifically prohibited by 11 U.S.C. § 524(e), which provides as follows:

> Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.

See also *Deutsche Bank AG v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network Inc.)*, 416 F.3d 136, 141 (2d. Cir 2005) (finding third-party releases are proper only in rare, factually unique cases).

---

[4] MNB has not consented to the Plan's proposed treatment of MNB's claim and nothing in this Objection should be deemed an acceptance of the Plan by MNB or a waiver by MNB of any of its rights in connection with the plan confirmation process, all of which are hereby specifically reserved.

9. In this regard, MNB specifically objects to the following release language at page 64 of the Disclosure Statement:

> "As of the Confirmation Date, all persons and government units who have held, currently hold, or may hold a Claim, Administrative Claim or interest to be discharged or terminated pursuant to the Plan shall be stayed from commencing or continuing any action or other proceeding **against any party** on account of such Claim." (emphasis added)

Consistent with Section 524(e), this and any similar language in the Disclosure Statement and Plan should be revised to make clear that the liability of third parties, specifically including co-debtors and guarantors of the Debtor's debt are not being released or discharged.

WHEREFORE, MNB requests that the Court not approve the Disclosure Statement in its current form and grant such other relief as may be just and proper.

Dated: New York, New York
August 2, 2012

TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP

By: /s/ Wayne H. Davis
Wayne H. Davis, Esq.
900 Third Avenue
New York, New York 10022
(212) 508-6700

*Counsel for Metropolitan National Bank*