UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                    Chapter 11

OTR MEDIA GROUP INC.,                                     Case No. 1-11-47385 (ess)

                    Debtor.
------------------------------------------------------------X

**INTERIM ORDER AUTHORIZING THE DEBTOR TO COMPENSATE
COHEN HOCHMAN & ALLEN AS A PROFESSIONAL
<u>USED IN THE ORDINARY COURSE OF BUSINESS</u>**

**UPON** the motion filed by OTR Media Group Inc. (the "Debtor"), dated November 14, 2011, for authorization to employ professionals used in the ordinary course of business [ECF No. 51]; and

**UPON** this Court's Order, dated April 24, 2012, authorizing the Debtor to employ, *inter alia*, Cohen Hochman & Allen as a professional used in the ordinary course of business [ECF No. 128, the "OCP Order"]; and

**UPON** the compensation request filed on May 15, 2012 for Cohen Hochman & Allen (the "OCP") seeking $5,075 in fees and $0 in expenses [ECF No. 151, the "April Compensation Request"]; and

**UPON** the Objection to Professional Fees of Various Professionals filed by the Office of the United States Trustee (the "UST") on June 5, 2012 [ECF No. 165, the "First Objection"]; and

**UPON** the omnibus compensation request for the OCP filed on June 18, 2012 [ECF No. 172, the "Omnibus Compensation Request" and, together with the April Compensation Request, the "Compensation Requests"] seeking $19,200 in fees and $0 in expenses; and

**UPON** the Debtor's reply to the UST's Objection, filed June 22, 2012 [ECF No. 182]; and

.

**UPON** the Objection to Professional Fees of Cohen Hochman & Allen filed by the UST on June 26, 2012 [ECF No. 165, the "Second Objection" and, together with the First Objection, the "Objections"]; and

**WHEREAS** the Debtor and the UST agreed to treat the Compensation Requests as a First Interim Fee Application, notice of which was duly served upon all creditors and parties in interest [ECF Nos. 195, 197]; and

**WHEREAS** the Compensation Requests and the Objections having been heard by this Court on July 17, 2012 (the "Hearing"); and this Court having jurisdiction to consider the Compensation Requests and the relief requested therein pursuant to sections 157 and 1334 of title 28 of the United States Code (the "Judicial Code"); it appearing that venue of this case and the Compensation Requests in this district is proper pursuant to section 157(b) of the Judicial Code; proper notice of the Hearing having been given, and no further notice being necessary; and after due deliberation, sufficient cause appearing therefor, accordingly it is hereby

**ORDERED** that pursuant to sections 105(a), 327(e), and 331 of the Bankruptcy Code, the Debtor is authorized to pay the OCP the sum of $19,420, representing 80% of the fees and 100% of the disbursements sought by the Compensation Requests; and it is further

**ORDERED** that the OCP Order remains in effect and shall apply to all future compensation requests submitted by the OCP; and it is further

**ORDERED** that, notwithstanding the payment of any compensation authorized herein or in the OCP Order, the allowance of compensation to any OCP is subject to final approval of this Court upon a properly noticed, final application and hearing in accordance with section 330 of the Bankruptcy Code. All rights of the Debtor, the Office of the United States Trustee, any creditor and/or party in interest to object to the allowance or payment of compensation to any

.

OCP is hereby expressly reserved.


NO OBJECTION:

/s/ William E. Curtin_____
OFFICE OF THE
UNITED STATES TRUSTEE

Dated: Brooklyn, New York
July 31, 2012

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**