UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                        Chapter 11

OTR MEDIA GROUP INC.,                                         Case No. 1-11-47385 (ess)

                          Debtor.
------------------------------------------------------------X

### INTERIM ORDER AUTHORIZING THE DEBTOR TO COMPENSATE BARTFIELD & KNOPFLER AS A PROFESSIONAL USED IN THE ORDINARY COURSE OF BUSINESS

**UPON** the motion filed by OTR Media Group Inc. (the "Debtor"), dated November 14, 2011, for authorization to employ professionals used in the ordinary course of business [ECF No. 51]; and

**UPON** this Court's Order, dated April 24, 2012, authorizing the Debtor to employ, *inter alia*, Bartfield & Knopfler as a professional used in the ordinary course of business [ECF No. 128, the "OCP Order"]; and

**UPON** the compensation request filed on May 15, 2012 for the Law Office of Bartfield & Knopfler (the "OCP") seeking $9,944.71 in fees and $0 in expenses [ECF No. 152, the "Compensation Request"]; and

**UPON** the Objection to Professional Fees of Various Professionals filed by the Office of the United States Trustee (the "UST") on June 5, 2012 [ECF No. 165, the "Objection"]; and

**UPON** the Debtor's reply to the UST's Objection, filed June 22, 2012 [ECF No. 182]; and

**WHEREAS** the Debtor and the UST agreed to treat the Compensation Request as a First Interim Fee Application, notice of which was duly served upon all creditors and parties in interest [ECF Nos. 195, 197]; and

.

**WHEREAS** the Compensation Request and the Objection having been heard by this Court on July 17, 2012 (the "Hearing"); and this Court having jurisdiction to consider the Compensation Request and the relief requested therein pursuant to sections 157 and 1334 of title 28 of the United States Code (the "Judicial Code"); it appearing that venue of this case and the Compensation Request in this district is proper pursuant to section 157(b) of the Judicial Code; proper notice of the Hearing having been given, and no further notice being necessary; and after due deliberation, sufficient cause appearing therefor, accordingly it is hereby

**ORDERED** that pursuant to sections 105(a), 327(e), and 331 of the Bankruptcy Code, the Debtor is authorized to pay the OCP the sum of $7,955.77, representing 80% of the fees and 100% of the disbursements sought by the Compensation Requests; and it is further

**ORDERED** that the OCP Order remains in effect and shall apply to all future compensation requests submitted by the OCP; and it is further

**ORDERED** that, notwithstanding the payment of any compensation authorized herein or in the OCP Order, the allowance of compensation to any OCP is subject to final approval of this Court upon a properly noticed, final application and hearing in accordance with section 330 of the Bankruptcy Code. All rights of the Debtor, the Office of the United States Trustee, any creditor and/or party in interest to object to the allowance or payment of compensation to any OCP is hereby expressly reserved.

NO OBJECTION:

/s/ William E. Curtin_____
OFFICE OF THE
UNITED STATES TRUSTEE



**Dated: Brooklyn, New York**
     July 31, 2012

_____
              Elizabeth S. Stong
**United States Bankruptcy Judge**