| UNITED STATES BANKRUPTCY COURT | Hearing Date: August 30, 2012 |
| EASTERN DISTRICT OF NEW YORK | Hearing Time: 11:00 a.m. |

---------------------------------------------------------x

In re:

OTR MEDIA GROUP INC.,                             Chapter 11

                                                             Case No. 11-47385 (ESS)

                       Debtor.

---------------------------------------------------------x

**OBJECTION AND RESPONSE OF THE UNITED STATES TRUSTEE TO APPLICATIONS FOR ALLOWANCE OF FEES AND EXPENSES BY THE DEBTOR'S PROFESSIONALS**

TO:     THE HONORABLE ELIZABETH S. STONG,
          UNITED STATES BANKRUPTCY JUDGE:

Tracy Hope Davis, United States Trustee for Region 2 (the "United States Trustee"), submits this Objection and Response to the Applications for Allowance of Fees and Expenses (the "Applications") of Goetz Fitzpatrick, LLP, ("Goetz") as counsel to OTR Media Group INc. (the "Debtor") and Novack Burnbaum Crystal LLP ("NBC") as special counsel to the Debtor (collectively, the "Professionals").

## I. INTRODUCTION

The Professionals' requests for awards of compensation and reimbursement of out of pocket expenses are summarized below:

| Applicant | Fees Requested | Expenses Requested |
|---|---|---|
| Goetz, Counsel to the Debtor | $203,142.50 | $8,605.23 |
| NBC, Special Counsel to the Debtor | $68,220.92 | $138.36 |

1

For the reasons set forth herein, the United States Trustee respectfully requests that the Court grant an interim award to Goetz of no more than 80% of the fees requested and 100% of the expenses requested, and an interim award to NBC of no more than 65% of the fees requested and 100% of the expenses requested, all awarded on an interim basis subject to a final hearing.

## BACKGROUND

1. On August 25, 2011, the Debtor commenced its case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. ECF Doc. No. 1.

2. The United States Trustee has not, to date, formed an unsecured creditors' committee in the Debtor's case.

3. The Debtor is operating its business and managing its affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. The United States Trustee has not appointed a trustee or an examiner in the case.

5. The Debtor is a full service outdoor advertising company as defined by the New York City Administrative Code. See Declaration of Ari Noe ("Noe") Pursuant to Local Bankruptcy Rule 1007-4, executed on August 25, 2011, (the "Noe Declaration") at 2, ¶ 4, ECF Doc. No. 3. The Debtor provides bulletins, wallscapes and spectaculars in prime real estate locations covering the New York City market and provides media sales and billboard maintenance services to its advertising clientele. Id.

6. By Order dated December 16, 2011, the Court approved the Debtor's application to retain and employ Goetz as counsel to the Debtor. ECF No. 69.

7. By Order dated December 6, 2011, the Court approved the Debtor's application to retain and employ NBC as special counsel to the Debtor. ECF No. 65.

**OBJECTION AND RESPONSE**

In calculating legal fees, the Supreme Court has stated that "'[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable rate.'" In re Henry A. Szymczak, 246 B.R. 774, 779 (Bankr. D.N.J. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). This approach is commonly referred to as the lodestar method. There are a number of factors that may warrant a departure from the lodestar method. For example, the court may consider the time and labor required, the skill requisite to perform the legal service properly, the customary fee, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, and awards in similar cases. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

Section 330(a)(3) is the legislative explanation of the lodestar analysis. See In re Holder, 207 B.R. 574, 583 (Bankr. M.D. Tenn. 1997) (amendments to the bankruptcy code in 1994 codify lodestar standard). Section 330 of the Bankruptcy Code states in pertinent part that, a court may award to professionals retained pursuant to 11 U.S.C. § 327:

> (1) (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person or attorney and by any paraprofessional persons employed by any such person; and
>
>   (B) reimbursement for actual, necessary expenses. 11 U.S.C. § 330 . . .
>
> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
>
>   (A) the time spent on such services;
>
>   (B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered . . .

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330.

The applicant bears the burden of proof in all fee matters. In re Recycling Indus., Inc., 243 B.R. 396, 401 (Bankr. D. Colo. 2000); In re Keene Corp., 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997); accord In Re Sounds Distributing Corp., 122 B.R. 952, 956 (Bankr. W.D. Pa. 1991) (explaining, "[t]he burden of proof as to the reasonableness of the requested compensation rests with the applicant"). The burden of proof to show entitlement to fees should "not be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors." In re Spanjer Bros., Inc., 191 B.R. 738, 747 (Bankr. N.D. Ill. 1996) (citing In re Pettibone Corp., 74 B.R. 293, 294 (Bankr. N.D. Ill. 1987)).

The Bankruptcy Court has the duty to examine the reasonableness of the fees requested by retained professionals independently, notwithstanding the absence of objections by the trustee, debtor or creditor. In re AutoParts Club, Inc., 211 B.R. 29, 33 (B.A.P. 9th Cir. 1997) (citing In re Busy Beaver Buldg. Ctrs., Inc., 19 F.3d 833, 841 (3d Cir. 1994)).

Interim fee awards are discretionary and are subject to reexamination and adjustment during the course of the case. In re Spanjer Brothers, Inc., 191 B.R. at 747, citing In re Jensen-Farley Pictures, Inc., 47 B.R. 557 (Bankr. D. Utah 1985). Any interim fees awarded or paid are

payable on account and are subject to the Court's review at the time of the Court's consideration of final fee applications.

Pursuant to section 331 of the Bankruptcy Code, trustees and other professionals in chapter 11 cases are permitted to file applications for interim fee awards. U.S. Trustee v. Fishback (In re Glados, Inc.), 83 F.3d 1360, 1367 (11th Cir. 1996). Some factors to be considered by the court in determining the appropriateness of an interim fee award include the current availability of funds, the existence of other accrued administrative obligations of the same or higher priority that may deplete the funds, the continuing need for funds to pay necessary expenses in the future, and the inability to file a final fee application in the near future. Id., citing In re Commercial Consortium of California, 135 B.R. 120, 124-25 (Bankr. C.D. Cal. 1991). The United States Trustee reserves all rights to raise any objections in connection with the hearing on approval of final fee applications.

### A. Goetz, Counsel to the Debtor.

Goetz seeks an interim fee award of $203,142.50, plus reimbursement of expenses of $8,605.23. ECF No. 216. During the interim period, Goetz reports that it spent 561.9 hours on these cases. Id. The majority of time was expended by Gary Kushner, Esq. Id. The United States Trustee requests that no more than 80% of the fees requested by Goetz be allowed or paid on an interim basis. The United States Trustee has no objection to the interim allowance or payment of 100% of Goetz's expenses.[1]

---

[1] Although the Goetz application does not include proper documentation for the expense reimbursements requested, this information was subsequently provided to the United States Trustee.

### B. NBC, Special Counsel to the Debtor.

NBC seeks an interim fee award of $68,220.92, plus reimbursement of expenses of $138.36. ECF No. 219. For the following reasons, the United States Trustee requests that no more than 65% of the fees requested by NBC be allowed on an interim basis. The United States Trustee has no objection to the interim allowance or payment of 100% of NBC's expenses.

#### 1. Lumped Time Entries

The time records provided by NBC contain a number of time entries that are improperly subdivided and render it impossible to determine what work was performed for what amount of time, or what benefit the particular service provided to the estate. In determining the amount of hours reasonably expended under section 330, the Court must exclude hours that are "excessive, redundant, or otherwise unnecessary . . .". Hensley, 461 U.S. at 434. Therefore, an applicant's time records must be sufficiently detailed to enable the Court to make this determination. In re Baker, 374 B.R. 489, 494 (Bankr.E.D.N.Y. 2007), citing Hensley, 461 U.S. at 434.

Where time records contain repeated and excessive lumping of time, the Court is unable to evaluate the reasonableness and the necessity of the services rendered. In re Navis Realty, Inc., 126 B.R. 137, 145 (Bankr. E.D.N.Y. 1991). Where time records have been lumped, the uncertainties due to poor record-keeping should be resolved against the applicant. In re Poseidon Pools, 216 B.R. 98, 100 (Bankr. E.D.N.Y. 1997). As a general rule, when services have been lumped together they are not compensable. In re Blackwood Assocs, L.P., 165 B.R. 108, 113 (Bankr. E.D.N.Y. 1994); In re Fibermark, Inc., 349 B.R. 385, 395 (Bankr. D.Vt. 2006). (disallowing time for discrete legal services merged together in the application for fees). The United States Trustee has identified time entries seeking approximately $19,733.47 in fees that are improperly subdivided and render it impossible to determine what work was performed for

what amount of time, or what benefit the particular service provided to the estates.  See Ex. A, entries designated "L."  The United States Trustee objects to payment of these fees.

### 2. Unknown Benefit to Estate

Under Sections 330 and 331, the court may award a professional reasonable fees for services that benefitted the estate.  In re Lederman Enter., Inc., 997 F.2d 1321, 1323 (10th Cir. 1993).  Accordingly, an application for compensation and reimbursement of expenses must demonstrate that the professional's services were necessary and conferred a benefit to the estate or its creditors.  In re Engel, 124 F.3d 567, 573 (3d Cir. 1997), citing In re Arkansas Co., Inc., 798 F.2d 645, 650 (3d Cir. 1986).

The NBC Application indicates that, "NBC spent significant time attempting to evaluate proposals for the purchase of one or more of the Debtor's signs."  ECF No. 219, at 5, ¶ 22.  The reasonableness or benefit to the estate of the fees incurred in connection with the potential sale of the Debtor's signs cannot yet be determined, as no motion seeking to approve such a sale, or plan of reorganization effectuating such a sale, has been filed or otherwise disclosed.  Accordingly the United States Trustee objects to the $5,189.98 in fees sought for services that appear to be related sales.  See Ex. A, entries designated "S."

### IV. CONCLUSION

For the reasons set forth above, the United States Trustee respectfully requests that the Court grant an interim award to Goetz of no more than 80% of the fees requested and 100% of the expenses requested and an interim award to NBC of no more than 65% of the fees requested and 100% of the expenses requested, all awarded on an interim basis subject to a final hearing on

7

the terms set forth herein, and grant such other and further relief as the Court deems just and

proper.

Dated: Brooklyn, New York
      August 24, 2012

                                    Respectfully submitted,

                                    TRACY HOPE DAVIS
                                    UNITED STATES TRUSTEE
                                    FOR REGION 2

                    By:     <u>*/s/ William E. Curtin*</u>
                           William E. Curtin (WC -1974)
                           Trial Attorney
                           271 Cadman Plaza East
                           Rm. 4529
                           Brooklyn, New York 11201
                           Tel. No. (718) 422-4960