TRACY HOPE DAVIS
United States Trustee for Region 2
Office of the United States Trustee
271 Cadman Plaza East, Suite 4529
Brooklyn, New York 11201
Telephone: (718) 422-4960
William E. Curtin (WC-1974)

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing Date: March 12, 2013 |
| EASTERN DISTRICT OF NEW YORK | Hearing Time: 10:30 a.m. |

-----------------------------------------------------------x

In re:

OTR MEDIA GROUP INC.,                                    Chapter 11

                                                    Case No. 11-47385 (ESS)

                            Debtor.

-----------------------------------------------------------x

**OBJECTION OF THE UNITED STATES TRUSTEE TO APPLICATIONS OF GOETZ FITZPATRICK LLP, AS COUNSEL TO THE DEBTOR, AND BRYAN CAVE, LLP, AS SPECIAL COUNSEL TO THE DEBTOR FOR INTERIM ALLOWANCE OF FEES FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**

TO:    THE HONORABLE ELIZABETH S. STONG,
          UNITED STATES BANKRUPTCY JUDGE:

Tracy Hope Davis, United States Trustee for Region 2 (the "United States Trustee"), pursuant to her duties under 28 U.S.C. § 586 (a)(3)(A)(i) and (ii), respectfully submits this objection (the "Objection") to the third interim application of Goetz Fitzpatrick LLP ("Goetz"), as counsel for OTR Media Group (the "Debtor") and the first interim application of Bryan Cave, LLP ("Bryan Cave" and collectively with Goetz, the "Professionals"), as special counsel for the Debtor, for allowance of fees for services rendered and reimbursement of expenses (the "Applications") and respectfully represents as follows:

1

# PRELIMINARY STATEMENT

The Professionals' requests for awards of compensation and reimbursement of out of pocket expenses are summarized below:

| Applicant | Fees Requested | Expenses Requested |
|---|---|---|
| Goetz, Counsel to the Debtor | $164,950.00 | $1,008.25 |
| Bryan Cave, Special Counsel to the Debtor | $156,422.25 | $1,190.11 |

The Applications seeks an aggregate interim award of nearly $325,000.00 in fees and expenses in a case that has just over $250,000.00 in cash and is scheduled for a confirmation hearing in approximately forty-five days. At this critical juncture of this case, on the eve of a determination as to whether or not this case can successfully reorganize, award and payment of fees is inappropriate. In addition, it is impossible to determine the benefit the services rendered by the Professionals provided to the estate, and these Professionals will be able to seek final fee awards in short order. Accordingly, the Court should deny the Applications without prejudice or, in the alternative, adjourn the Applications to a date thirty days after confirmation so that parties in interest and the Court can consider all of the professional fees in this case in the context of final fee applications.

# STATEMENT OF FACTS

**A. General Background**

1. On August 25, 2011, the Debtor commenced its case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. ECF Doc. No. 1.

2. The United States Trustee has not, to date, formed an unsecured creditors' committee in the Debtor's case.

3. The Debtor is operating its business and managing its affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. The United States Trustee has not appointed a trustee or an examiner in the case.

5. The Debtor is a full service outdoor advertising company as defined by the New York City Administrative Code. See Declaration of Ari Noe ("Noe") Pursuant to Local Bankruptcy Rule 1007-4, executed on August 25, 2011, (the "Noe Declaration") at 2, ¶ 4, ECF Doc. No. 3. The Debtor provides bulletins, wallscapes and spectaculars in prime real estate locations covering the New York City market and provides media sales and billboard maintenance services to its advertising clientele. Id.

### B. Retention of Professionals

6. By Order dated December 16, 2011, the Court approved the Debtor's application to retain and employ Goetz as counsel to the Debtor. ECF No. 69.

7. By Order dated August 29, 2012, the Court approved the Debtor's application to retain and employ Bryan Cave as special counsel to the Debtor. ECF No. 254.

### C. Operations

8. The Debtor's January 2013 operating report shows that it had $259,448.81 in cash as of January 31, 2013. ECF No. 340.

### D. The Plan

9. On June 22. 2012, the Debtor filed plan of reorganization (the "Plan") and accompanying disclosure statement (the "Disclosure Statement"). ECF Nos. 179 and 180.

10. Pending final review of documents, the Debtor will shortly be submitting an order approving the Disclosure Statement and scheduling a hearing on confirmation of the Plan for April 23, 2013.

## **OBJECTION**

**A.  Professional Fees**

In calculating legal fees, "'[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable rate.'" In re Henry A. Szymczak, 246 B.R. 774, 779 (Bankr. D.N.J. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). This approach is commonly referred to as the lodestar method. There are a number of factors that may warrant a departure from the lodestar method. For example, the court may consider the time and labor required, the skill requisite to perform the legal service properly, the customary fee, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, and awards in similar cases. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

Section 330(a)(3) is the legislative explanation of the lodestar analysis. See In re Holder, 207 B.R. 574, 583 (Bankr. M.D. Tenn. 1997) (amendments to the Bankruptcy Code in 1994 codify lodestar standard). Section 330 of the Bankruptcy Code states in pertinent part that, a court may award to professionals retained pursuant to 11 U.S.C. § 327:

> (1) (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person or attorney and by any paraprofessional persons employed by any such person; and
>
>   (B) reimbursement for actual, necessary expenses.  11 U.S.C. § 330 . . .
>
> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -

(A) The time spent on such services;

(B) The rates charged for such services;

(C) Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered . . .

(D) Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330.

The applicant bears the burden of proof in all fee matters. In re Recycling Indus., Inc., 243 B.R. 396, 401 (Bankr. D. Colo. 2000); In re Keene Corp., 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997); accord In Re Sounds Distributing Corp., 122 B.R. 952, 956 (Bankr. W.D. Pa. 1991) (explaining, "[t]he burden of proof as to the reasonableness of the requested compensation rests with the applicant"). The burden of proof to show entitlement to fees should "not be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors." In re Spanjer Bros., Inc., 191 B.R. 738, 747 (Bankr. N.D. Ill. 1996) (citing In re Pettibone Corp., 74 B.R. 293, 294 (Bankr. N.D. Ill. 1987)).

The Bankruptcy Court has the duty to examine the reasonableness of the fees requested by retained professionals independently, notwithstanding the absence of objections by the trustee, debtor or creditor. In re AutoParts Club, Inc., 211 B.R. 29, 33 (B.A.P. 9th Cir. 1997) (citing In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 841 (3d Cir. 1994)).

5

**B.     The Applications Should be Denied, Without Prejudice.**

Interim fee awards are discretionary and are subject to reexamination and adjustment during the course of the case.  In re Spanjer Brothers, Inc., 191 B.R. at 747, citing In re Jensen-Farley Pictures, Inc., 47 B.R. 557 (Bankr. D. Utah 1985).  Any interim fees awarded or paid are payable on account and are subject to the Court's review at the time of the Court's consideration of final fee applications.

Pursuant to section 331 of the Bankruptcy Code, trustees and other professionals in chapter 11 cases are permitted to file applications for interim fee awards.  U.S. Trustee v. Fishback (In re Glados, Inc.), 83 F.3d 1360, 1367 (11th Cir. 1996).  Some factors to be considered by the court in determining the appropriateness of an interim fee award include the current availability of funds, the existence of other accrued administrative obligations of the same or higher priority that may deplete the funds, the continuing need for funds to pay necessary expenses in the future, and the inability to file a final fee application in the near future.  Id., citing In re Commercial Consortium of California, 135 B.R. 120, 124-25 (Bankr. C.D. Cal. 1991).

Under Section 330, the court may award a professional reasonable fees for services that benefitted the estate.  In re Lederman Enter., Inc., 997 F.2d 1321, 1323 (10th Cir. 1993).  Accordingly, an application for compensation and reimbursement of expenses must demonstrate that the professional's services were necessary and conferred a benefit to the estate or its creditors.  In re Engel, 124 F.3d 567, 573 (3d Cir. 1997), citing In re Arkansas Co., Inc., 798 F.2d 645, 650 (3d Cir. 1986).  The court has an independent burden to review fee applications "lest overreaching . . . professionals drain it of wealth which by right should inure to the benefit

of unsecured creditors." In re Keene Corp., 205 B.R. at 695, quoting In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d at 844.

For economic reasons, and in the interests of sound case management, the award of interim fees is inappropriate at this time. Such an award does not make economic sense, as the Debtor seeks to pay nearly $325,000.00 in fees and expenses when it has only approximately $250,000.00 in cash. ECF No. 340. From a case management perspective, this case is scheduled for a confirmation hearing in approximately forty-five days and these Professionals will be able to seek final fee awards shortly thereafter. Where, as here, the Professionals will only be required to wait a relatively short period of time to file final fee applications, any prejudice to the Professionals is outweighed by the prejudice to the Debtor of such a large disbursement so close to conformation. U.S. Trustee v. Fishback, 83 F.3d at 1367. Further, it is currently impossible to determine the benefit the services rendered by the Professionals provided to the estate, while such a determination will shortly be possible post-confirmation. In re Engel, 124 F.3d at 573. Accordingly, the Court should deny the Applications without prejudice or, in the alternative, adjourn the Applications to a date 30 days after confirmation so that the parties in interest and the Court can consider all of the professional fees in this case in the context of final fee applications.

## **CONCLUSION**

For the reasons stated above, the United States Trustee respectfully requests that the Court sustain her Objection and deny the Applications without prejudice or, in the alternative, adjourn the Applications to a date thirty days after confirmation so that parties in interest and the Court can consider all of the professional fees in this case in the context of final fee applications.

The United States Trustee reserves all rights to raise these and any other objections in connection with the hearing on approval of final fee applications.

Dated: Brooklyn, New York
       March 5, 2013

                                      Respectfully submitted,

                                      TRACY HOPE DAVIS
                                      UNITED STATES TRUSTEE
                                      FOR REGION 2

                By:    /s/ *William E. Curtin*
                       William E. Curtin (WC-1974)
                       271 Cadman Plaza East
                       Rm. 4529
                       Brooklyn, New York 11201
                       Tel. No. (718) 422-4960