Gary M. Kushner
Scott D. Simon
GOETZ FITZPATRICK LLP
One Penn Plaza, Suite 4401
New York, New York 10119
Tel: (212) 695-8100
gkushner@goetzfitz.com
ssimon@goetzfitz.com
*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                    Chapter 11

OTR MEDIA GROUP INC.,                                      Case No. 1-11-47385 (ESS)

                            Debtor.
-----------------------------------------------------------X

**DEBTOR'S REPLY TO THE OBJECTION OF THE OFFICE OF THE UNITED
STATES TRUSTEE TO THE APPLICATIONS OF GOETZ FITZPATRICK LLP,
AS COUNSEL FOR THE DEBTOR, AND BRYAN CAVE, LLP, AS SPECIAL
COUNSEL FOR THE DEBTOR, FOR INTERIM ALLOWANCE OF FEES FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**

**To The Honorable Elizabeth S. Stong,
United States Bankruptcy Judge:**

      OTR Media Group Inc., the debtor and debtor-in-possession (the "Debtor"), in reply to

the objection (ECF No. 343, the "Objection") submitted by the Office of the United States

Trustee (the "UST") to the Third Interim Application of Goetz Fitzpatrick LLP ("GF") for

Allowance of Interim Compensation for Professional Services Rendered and for Reimbursement

of Actual and Necessary Expenses Incurred (ECF No. 337, the "GF Fee Application) and the

First Interim Application of Bryan Cave, LLP ("Bryan Cave" and, together with GF, the

"Professionals") for Allowance of Interim Compensation for Professional Services Rendered and

for Reimbursement of Actual and Necessary Expenses Incurred (ECF No. 333, the "Bryan Cave

Fee Application" and, together with the GF Fee Application, the "Interim Fee Applications"), states as follows:

> **I.     Statement In Reply**

1. The UST Objection seeks an Order denying the Interim Fee Applications, without prejudice to have them renewed after the hearing on confirmation of the Debtor's plan of reorganization. In seeking denial of the Interim Fee Applications at this time, the UST argues that (a) it is impossible to determine the benefit to the estate of the Professionals' services until after the confirmation hearing; (b) the Debtor has insufficient cash to pay the requested fees in full; and (c) further delay would not prejudice either of the Professionals.

2. While the Debtor (and its counsel) fully appreciate the UST's role in general, and most especially in its administration of this particular, somewhat volatile, chapter 11 case, it is respectfully submitted that the UST's Objection should be overruled.

3. Each of the arguments raised in the UST's Objection have been considered and rejected by Bankruptcy Courts throughout the United States. Indeed, none of the cases cited in the UST's Objection support the premise that the Professionals should wait until after confirmation to be paid interim fees.

4. The UST ignores critical facts that weigh against denying the Interim Fee Applications, including the absence of opposition from the Debtor's secured creditor, Metropolitan National Bank, which has approved monthly cash collateral budgets accounting for the Professionals' fees.

5. As noted throughout the chapter 11 case, the Debtor's business model relies heavily on the use and expertise of attorneys and other professionals. No less than a dozen cash collateral stipulations, inclusive of budgets that provide hefty allowances for payment of

professionals, have been approved by Metropolitan National Bank, the UST and this Court. The Professionals simply cannot avail themselves of these fees without approval of an interim application. There is no legitimate reason to deny the Interim Fee Applications when, in actuality, they have already been accounted for in the Debtor's monthly budgets and the Debtor expects to pay them.

6.  Moreover, this is not a case where the Debtor is administratively insolvent. It is current with the filing of operating reports, which reflect healthy profits. UST fees (an expense which the UST insists on being paid at all times and before any other creditor) are current. And, despite an array of creditors with whom the Debtor conducts its business, not one creditor has declared the Debtor to be delinquent on its post-petition obligations. This chapter 11 case is not administratively insolvent.

7.  In short, the Professionals should not have to finance the Debtor's chapter 11 case and any further delay, such as that suggested in the UST's Objection, would be highly prejudicial to the applicants. Given the absence of any specific objection by the UST to the amount of time spent, the rates charged, whether the services were performed in a reasonable amount of time commensurate with the complexity of the tasks at hand, or whether the compensation is reasonable in comparison with the fees charged by comparably skilled practitioners, the Interim Fee Applications should be granted.

**II.   Applicable Law**

8.  The UST's Objection relies on decisions by Courts outside this Circuit that are simply inapposite to the case at bar. Precedent in this Circuit clearly establishes the basis for granting the Interim Fee Applications.

9. By way of example, the UST cites, and specifically relies upon, <u>U.S. Trustee v. Fishback (In re Glados, Inc.)</u>, 83 F.3d 1360 (11 Cir. 1996) for the premise that approving a fee application, when made a "relatively short period of time" before the confirmation hearing would unduly prejudice the Debtor. See UST's Opposition at p. 7. This Eleventh Circuit case says no such thing, and there is no other case cited by the UST to support that premise.

10. <u>Trustee v. Fishback</u> does not discuss the timing for approving a chapter 11 debtor's professional's fee application. The issues there were twofold:

> 1. whether a trustee may, pursuant to 11 U.S.C. § 726(a)(5), receive interest on his or her compensation in a case dating from the trustee's initial appointment; and

> 2. whether professionals other than the trustee may, pursuant to 11 U.S.C. § 726(a)(5), receive interest on their compensation dating from the professionals' submission of their fee applications.

<u>Trustee v. Fishback</u>, 83 F.3d 1360, 1367. The UST's contention – that this Eleventh Circuit case supports its argument that the Interim Fee Applications should not be granted until after confirmation – is simply without merit.

11. Also inapplicable to the issue of interim allowances in a chapter 11 case is the UST's citation of <u>In re Engel</u>, 124 F.3d 567, 573 (3d. Cir. 1997), which the UST relies upon for the premise that in OTR's case, "it is impossible to determine the benefit the services rendered by the Professionals provided to the estate, while such a determination will shortly be possible post-confirmation." See Opposition at p. 7.

12. The Third Circuit's <u>Engel</u> decision concerned the disgorgement of a $30,000 retainer paid to an individual debtor's criminal counsel. And the Court there held that the question of who would pay the retainer, and when, was deferred until the fee application was reviewed, not, as the UST's Objection contends, until confirmation.

13. In citing the above cases, the UST ignores the correct legal standard to be applied to consideration of an interim fee application in a chapter 11 case and the fundamental policy expressed by the Bankruptcy Code that bankruptcy attorneys should be compensated on a parity with attorneys rendering comparable services, such that regular allowances of interim compensation should be made. 2 Collier 15th Ed. 331–6 § 331.02.

14. Were this not the case, bankruptcy attorneys would be forced to finance the administration of a case while attorneys in most non-bankruptcy areas of the law do not suffer an equivalent hardship. Id.

15. Moreover, the UST's "hindsight approach" to reviewing interim fee applications (as referenced in the UST's Objection) has been rejected by the Second Circuit.[1]

16. Instead, the proper test for allowance of fees in the Second Circuit is whether the services of a debtor's attorneys were objectively likely to benefit the debtor's estate at the time they were rendered – "what services a reasonable lawyer or legal firm **would have performed** in the same circumstances." In re Ames Dept. Stores, Inc., 76 F.3d 66, 72 (2nd Cir. 1996) (emphasis added). In other words, the test is a forward-looking one, not the reverse, as argued by the UST.

17. In suggesting otherwise, the UST ignores the well-reasoned decision of Chief Judge Bucki in In re City Mattress, Inc., 174 B.R. 23 (Bankr.W.D.N.Y. 1994), which expressly rejects, **on all points**, the arguments contained in the UST Objection. A copy of the City Mattress decision is annexed hereto as Exhibit "A" for the Court's ease of reference.

---

[1] The UST seems to suggest that the proper legal standard applicable to be applied to interim fee applications in a chapter 11 case is that any determination of the benefit of services rendered to the estate by the Professionals can only be possible post-confirmation. See UST's Objection at p. 7. As stated herein, there is no such standard adopted by the Courts in this jurisdiction.

18. There, Chief Judge Bucki considered and flatly rejected the United States Trustee's contention that until a plan is confirmed, a debtor's professional cannot demonstrate the necessity of the services for which it seeks payment:

> Confirmation of a reorganization plan has never been a precondition for the allowance of legal fees. In authorizing interim compensation, Congress rejected the notion that counsel must defer receipt of fees until completion of a case. Rather, attorneys may seek compensation on a periodic basis, once every 120 days or sooner if the Court allows. 11 U.S.C. § 331

City Mattress, 174 B.R. at 26.

19. Additionally, the Bankruptcy Court for the Western District of New York also specifically rejected the United States Trustee's argument that the debtor could not afford to pay its retained professionals at that time: "Nothing in the Bankruptcy Code requires counsel to shoulder the financial risks of a reorganization. To the extent that a debtor may use cash collateral, that authorization is without prejudice to any particular class of administrative expense. The estate is without justification to treat allowed professional fees differently than any other cost of operation." City Mattress, 174 B.R. at 27.[2]

20. The UST's improvident reliance on inapposite case law – and the Debtor's presentation of clear Second Circuit precedent to the contrary – strongly suggest that the UST's Objection should be overruled.

**III. Applicable Facts**

21. It hardly needs saying that allowance of fees and payment of fees are separate concepts. Should the Court grant the Interim Fee Applications, the Professionals will be paid only when the Debtor can afford to do so. The issue before the Court is whether the

---

[2] While the Debtor recognizes that decisions of the Western District of New York are not binding on this Court, it nevertheless urges the Court to adopt the rationale of Judge Bucki's decision, particularly where, as here, there is no local case which rejects it and the UST's Objection is devoid of any case, in any jurisdiction, which rejects it.

Professionals' fees should be allowed, and the Professionals have met their burden of demonstrating the propriety of doing so.

22. The Debtor's secured and largest creditor at the time this chapter 11 case was filed, Metropolitan National Bank, has approved cash collateral budgets specifically carving out professionals' legal fees. That the bank has not, upon information and belief, objected to the Fee Applications should speak volumes about the propriety of granting them. The Bank has recognized the Professionals for the value and benefit of their respective professional services that have been rendered in furtherance of keeping the Debtor as a going concern. The bank's voice should carry the most weight on this issue.

23. Moreover, in the Interim Fee Applications before the Court, it is abundantly clear that a significant portion of the services performed by GF and the entirety of the services performed by Bryan Cave reflect time involved in responding to the UST's own motion to convert the case – which was premised upon the question of whether this Debtor was capable of running a legal business with signs that conform to code – and its aftermath.

24. The UST's motion to convert resulted in the Consent Order dated July 19, 2012 (ECF No. 214) and the Supplemental Consent Order dated January 25, 2013 (ECF No. 315). These Orders required the Debtor to comply with strict deadlines, many of which were imposed solely by the UST, regarding both its business operations and the administration of its chapter 11 case.

25. Given the UST's insistence on these deadlines, including the timing of the confirmation hearing, the UST should not be heard to complain that the Interim Fee Applications are made at an inopportune moment in these proceedings.

26. Last, but no less important, this is GF's first fee application in eight months and Bryan Cave's first fee application since its retention effective as of June 1, 2012. These professionals should not have a decision on their right to compensation further delayed.

27. As the Court considers the Interim Fee Applications, it should be mindful that the UST has not objected to the amount of time spent by the Professionals, the rates charged to the Debtor, the form of the Professionals' bills or whether the Professionals' compensation is comparable to that of other skilled practitioners. The UST's sole factual assertion – that the benefit of the Professionals' services will only be possible post-confirmation – is simply without foundation and should be rejected as a matter of law.

28. In sum, because the services provided by the Professionals were justified and reasonable at the time they were performed – **a contention not disputed by the UST** – the Debtor respectfully requests that the Court grant the Interim Fee Applications in their entirety and such further and different relief as is just, proper and equitable.

Dated: New York, New York
March 8, 2013

                        Respectfully submitted,

                        Goetz Fitzpatrick LLP
                        *Attorneys for the Debtor*

By: /s/Gary M. Kushner
     Gary M. Kushner
     A Partner of the Firm
     Scott D. Simon
     One Pennsylvania Plaza
     44th Floor
     New York, New York 10119
     (212) 695-8100

t:\scottdsimon\otr media group inc\retention of gf\fee application\ust objection\reply to ust objection o gf and bc fee applications.doc

8