174 B.R. 23
United States Bankruptcy Court,
W.D. New York.

In re CITY MATTRESS, INC., Debtor.

Bankruptcy No. 93–13767 B. | Nov. 1, 1994.

Counsel for Chapter 11 debtor filed interim fee application. On objections of United States Trustee and creditor, the Bankruptcy Court, Carl L. Bucki, J., held that: (1) confirmation of Chapter 11 plan was not precondition for allowance of interim legal fees to debtor's counsel; (2) key issue in approving interim compensation to debtor's counsel is whether legal services were necessary, not whether debtor's activities were, in hindsight, necessary to achieve whatever outcome eventually occurred; (3) fact that debtor could not afford to pay legal fees did not preclude award of interim fees to debtor's counsel; and (4) interim allowance for fees would be approved and court would not require any holdback against this amount given counsel's subsequent services for which it retained additional claim amply sufficient to offset any adjustment that might be warranted upon consideration of final application.

So ordered.

West Headnotes (22)

[1] Bankruptcy
🔑 Attorneys

In proceedings under Chapter 11, legal services are never frill or extra but are fundamental to efficient development of reorganization plan; legal services are no less vital to reorganization than are charges for inventory and utility service.

[2] Bankruptcy
🔑 Interim Compensation

Confirmation of reorganization plan is not precondition for allowance of interim legal fees to debtor's attorney. Bankr.Code, 11 U.S.C.A. § 331.

1 Cases that cite this headnote

[3] Bankruptcy
🔑 Interim Compensation

United States Trustee's Office could not penalize counsel for Chapter 11 debtor by objecting to interim legal fees due to current absence of confirmed plan, having shown neither procrastination by counsel nor that plan was unduly delayed. Bankr.Code, 11 U.S.C.A. § 331.

[4] Bankruptcy
🔑 Necessity of Service

Absence of confirmed Chapter 11 plan did not preclude demonstration of necessity of legal services provided to debtor by counsel for which counsel sought payment. Bankr.Code, 11 U.S.C.A. §§ 330, 1106(a)(5).

1 Cases that cite this headnote

[5] Bankruptcy
🔑Necessity of Service

Necessary services for which attorneys may receive reasonable compensation under Bankruptcy Code include those which may be needed to facilitate conduct of debtor's business, as well as any services that are necessary to enable debtor in possession to fulfill duties and obligations under Code; among these obligations is duty to file plan of reorganization as soon as practicable. Bankr.Code, 11 U.S.C.A. §§ 330, 1106(a)(5), 1107.

2 Cases that cite this headnote

[6] Bankruptcy
🔑Necessity of Service

Chapter 11 debtor's counsel never serves as guarantor of success of reorganization; so long as services are reasonably necessary to further that goal, counsel is entitled to compensation under Bankruptcy Code whether or not reorganization is successful. Bankr.Code, 11 U.S.C.A. § 330.

1 Cases that cite this headnote

[7] Bankruptcy
🔑Interim Compensation

To extent that compensation for professionals is ultimately allowable under Bankruptcy Code, then Bankruptcy Code explicitly authorizes interim compensation on account of that final allowance. Bankr.Code, 11 U.S.C.A. §§ 330, 331.

[8] Bankruptcy
🔑Necessity of Service

Appropriate test for approval of interim compensation under Bankruptcy Code is whether applicant performed actual services that were necessarily required for proper representation of debtor; key issue is whether services were necessary, not whether debtor's activities were, in hindsight, necessary to achieve whatever outcome eventually occurred. Bankr.Code, 11 U.S.C.A. § 331.

4 Cases that cite this headnote

[9] Bankruptcy
🔑Benefit to Estate

So long as debtor is permitted to continue in Chapter 11, bankruptcy court will not penalize counsel for debtor for its good faith representation by denying fees on ground that successful reorganization is not indicated. Bankr.Code, 11 U.S.C.A. §§ 330, 331; 28 U.S.C.A. § 586(a)(3)(G).

[10] Bankruptcy
🔑Necessity of Appointment or Approval
Bankruptcy
🔑Interim Compensation

Bankruptcy Code imposes upon professionals burden to secure judicial approval of their fees and disbursements;

beyond that requirement, bankruptcy court refuses to distinguish between attorney fees and any other necessary expense of administration and to treat allowed professional fees differently than any other cost of operation by precluding payment of interim attorney fees on ground that debtor cannot afford to pay fees.

[11]  Bankruptcy
 Administrative Expenses in General
 Bankruptcy
 Cash Collateral, Use of

To extent that debtor may use cash collateral, that authorization is without prejudice to any particular class of administrative expense.

[12]  Bankruptcy
 Attorneys
 Bankruptcy
 In General; Grounds in General

Chapter 11 debtor which cannot afford legal services simply cannot afford to continue in Chapter 11; however, application for allowance of fees is not proper focus of this financial concern and instead United States Trustee's Office and creditors should focus upon those financial problems, rather than to scapegoat legitimate entitlement to fee allowance by debtor's attorney.

[13]  Bankruptcy
 Interim Compensation

Counsel for Chapter 11 debtor must exercise appropriate discretion, consistent with debtor's fiscal situation, in collecting interim fees which bankruptcy court approves; whenever interim compensation is allowed, counsel should remember that untimely collection of that allowance will create cash flow pressures which may effectively preclude successful reorganization.

[14]  Bankruptcy
 Necessity of Service

Plan confirmation is not prerequisite for allowance of professional fees; nonetheless, fee applicant is still required to demonstrate that its services and disbursements were actual and necessary for proper representation of debtor.

[15]  Bankruptcy
 Necessity of Service

Some validity attached to concerns of United States Trustee's Office, objecting to professional fees of counsel for Chapter 11 debtor, that court cannot fully assess necessity of certain services of counsel until results of those efforts become known; however, even when relevant, this concern should seldom dictate total denial of interim compensation and far more

WestlawNext © 2013 Thomson Reuters. No claim to original U.S. Government Works.        14

appropriate remedy is holdback of portion of requested allowance.

[16] Bankruptcy
🗝 Interim Compensation
Bankruptcy
🗝 Necessity of Service

If professional services are later shown to have been unnecessary in Chapter 11 case, court may adjust final allowance to reflect this fact.

[17] Bankruptcy
🗝 Interim Compensation

In determining interim award of professional fees, bankruptcy court need merely be satisfied that sufficient balance will remain outstanding to assure possibility of offset for any amount which is not finally allowable.

1 Cases that cite this headnote

[18] Bankruptcy
🗝 Interim Compensation

Interim allowance of fees to counsel for Chapter 11 debtor would be approved and bankruptcy court would not require any holdback against this amount, where more than six months had passed since last date for which counsel sought compensation, and counsel had rendered substantial services subsequent to those described in its interim application and retained additional claim which was amply sufficient to offset any adjustment that might be warranted upon consideration of final application.

1 Cases that cite this headnote

[19] Bankruptcy
🗝 Transportation and Meals

Only in most extraordinary of circumstances will bankruptcy court approve payment of meal charges to debtor's counsel.

[20] Bankruptcy
🗝 Transportation and Meals

In absence of special showing, bankruptcy court deems meals of debtor's counsel to be personal expense not appropriate for reimbursement.

[21] Bankruptcy
🗝 Clerical, Stenographic or Copying Services

Secretarial services are generally overhead cost of debtor's counsel; such overtime is allowable expense only if required to meet some special exigency, and then only to extent that secretarial salary exceeds

normal expense for such secretarial service.

[22] Bankruptcy
⚖ Clerical, Stenographic or Copying Services

Counsel for Chapter 11 debtor was not entitled to reimbursement for overtime secretarial services, where counsel was unable to demonstrate that overtime responded to emergency, rather than to factors of convenience, and failed to show what portion of overtime charges represented cost in excess of normal secretary expenses.

Attorneys and Law Firms

*25 Damon & Morey (William F. Savino, Daniel F. Brown, of counsel), Buffalo, NY, for debtor.

Gross, Shuman, Brizdle & Gilfillan, P.C., Buffalo, NY, for Creditors Committee.

Saperston & Day, P.C. (Raymond L. Fink, of counsel), Buffalo, NY, for Morris Himmel in opposition.

Christopher K. Reed, Asst. U.S. Trustee, Buffalo, NY, in opposition.

Opinion

CARL L. BUCKI, Bankruptcy Judge.

In this Chapter 11 proceeding, counsel for the debtor has filed an application for an interim allowance of compensation and reimbursement. Specifically, the firm of Damon & Morey seeks fees in the amount of $69,796 for the period from December 17, 1993, through April 30, 1994, and the reimbursement of expenses incurred during this same period in the amount of $7,979.17. The Office of the United States Trustee and a secured creditor object, not to the ultimate entitlement to compensation and reimbursement, but to consideration of any allowance at the present stage of the proceedings.

The debtor, City Mattress, Inc., filed its petition for relief under Chapter 11 of the Bankruptcy Code on December 21, 1993. Since that time, the debtor has completed a substantial restructuring that began prior to the bankruptcy filing. It has closed 31 of its 40 stores and has secured this Court's approval of a revised credit agreement with the debtor's primary secured lender. This restructuring has not been without cost, however. As of April 30, 1994, the debtor's financial statement showed an accrued year to date loss of $243,956. The cash balance as of that date totalled a mere $122. Meanwhile, by April 30, the debtor had accumulated trade accounts payable in excess of $200,000. Although the debtor contends that this financial condition is but a prelude to a healthy and profitable future, there can be no guarantee of a successful reorganization.

This Court has previously approved the appointment of Damon & Morey as counsel for the debtor-in-possession, effective as of the filing date. By all indications, Damon & Morey has rendered substantial services with competence. Nonetheless, the United States Trustee objects to any interim allowance upon three grounds: that the debtor has yet to establish a time frame for the filing of a plan; that without an indication of the success of a reorganization, counsel is unable to *26 demonstrate the necessity of any of the services rendered; and that an award of fees at this time "would further darken the debtor's financial picture." As holder of a security interest, Morris Himmel objects to the debtor's use of cash collateral to pay any claim for legal fees and reimbursements.

[1] Legal services are the very lifeblood of a debtor in reorganization. No competent counsel would permit the mere filing of a petition without a painstaking review of a plethora of important concerns. Upon filing, the debtor encounters a new playing field that is to be governed by the rules and procedures of bankruptcy. Legal considerations become an indispensable factor in decision making. Of necessity, debtor's counsel must play a vital role in guiding the administration of a Chapter 11 case. In proceedings under Chapter 11, legal services are never a frill or an extra; they are fundamental to the efficient development of a reorganization plan. Indeed, legal services are no less vital to a reorganization than are charges for inventory and utility service.

[2] [3] Confirmation of a reorganization plan has never been a precondition for the allowance of legal fees. In authorizing interim compensation, Congress rejected the notion that counsel must defer receipt of fees until completion of a case. Rather, attorneys may seek compensation on a periodic basis, once every 120 days or sooner if the Court allows. 11 U.S.C. § 331. In the present case, the United States Trustee makes no showing that counsel is responsible for any delay in plan confirmation. Having shown neither procrastination by counsel nor that the plan is unduly delayed, the Trustee's Office cannot penalize Damon & Morey for the current absence of a confirmed plan.

[4] [5] [6] [7] This Court rejects the contention of the Trustee's Office that until the plan is confirmed, Damon & Morey cannot demonstrate the necessity of any of the services for which it now seeks payment. Under section 330 of the Bankruptcy Code, attorneys may receive "reasonable compensation for actual, necessary services rendered...." Necessary services include those which may be needed to facilitate the conduct of the debtor's business, as well as any services that are necessary to enable a debtor-in-possession to fulfill the duties and obligations to which 11 U.S.C. § 1107 refers. Among these obligations is the duty to file a plan of reorganization "as soon as practicable." 11 U.S.C. § 1106(a)(5). However, debtor's counsel never serves as a guarantor of that outcome. So long as the services are reasonably necessary to further that goal, counsel is entitled to compensation under section 330, whether or not the reorganization is successful. To the extent that compensation is ultimately allowable under section 330, then section 331 explicitly authorizes interim compensation on account of that final allowance.

[8] [9] The appropriate test for approval of interim compensation is whether the applicant performed actual services that were necessarily required for the proper representation of the debtor. The key issue is whether the services were necessary, not whether the debtor's activities were, in hindsight, necessary to achieve whatever outcome eventually occurs. This Court is mindful that only a small minority of Chapter 11 debtors will successfully reorganize. Were this Court to accept the argument of the Office of the United States Trustee, it would signal to attorneys that certain debtors are less worthy of diligent representation than others. The United States Trustee is empowered to monitor the progress of cases under Title 11 and to take such action as is appropriate to prevent undue delay in such progress. 28 U.S.C. § 586(a)(3)(G). To the extent that a Chapter 11 debtor is incapable of reorganization, the Trustee's Office may move for conversion or dismissal. So long as the debtor is permitted to continue in Chapter 11, however, this Court will not penalize counsel for its good-faith representation.

[10] [11] The final argument of the Trustee's Office is that the debtor cannot afford to pay legal fees at this time. Similarly, Morris Himmel objects to the use of its cash collateral to pay for legal services. The Bankruptcy Code imposes upon professionals the burden to secure judicial approval of their fees and disbursements. Beyond that requirement, this Court refuses to distinguish between attorney fees and any other necessary *27 expense of administration. Nothing in the Bankruptcy Code requires counsel to shoulder the financial risks of a reorganization. To the extent that a debtor may use cash collateral, that authorization is without prejudice to any particular class of administrative

expense. The estate is without justification to treat allowed professional fees differently than any other cost of operation.

[12] A debtor which cannot afford legal services simply cannot afford to continue in Chapter 11. An application for the allowance of fees, however, is not a proper focus of this financial concern. If financial problems inhibit the payment of allowable fees, the Trustee's Office and creditors should focus upon those financial problems, rather than to scapegoat the legitimate entitlement to a fee allowance. Surely, creditors and the Trustee's Office enjoy access to an arsenal of options ranging from conversion to the revocation of cash collateral use, when warranted by financial loss during Chapter 11. If the objectors are concerned for this reason, they should move for appropriate protection.

[13] This Court trusts that Damon & Morey will exercise appropriate discretion, consistent with the debtor's fiscal situation, in collecting the sums which this Court will approve. Whenever interim compensation is allowed, counsel should remember that an untimely collection of that allowance will create cash flow pressures which may effectively preclude a successful reorganization.

[14] [15] [16] [17] For the reasons set forth above, plan confirmation is not a prerequisite for the allowance of professional fees. Nonetheless, a fee applicant is still required to demonstrate that its services and disbursements were actual and necessary for proper representation of the debtor. In this context, some validity does attach to the concerns of the Trustee's Office, that the Court cannot fully assess the necessity of certain services until the results of those efforts become known. Clearly, a result-based analysis would not apply to many services, such as preparation of a petition and schedules. Even when relevant, however, this concern would seldom dictate a total denial of interim compensation. Far more appropriate is a hold-back of a portion of the requested allowance. As noted by the Court of Appeals in In re Stable Mews Associates, 778 F.2d 121 (2nd Cir.1985), an "interim award does not conclusively determine the disputed question."1 If services are later shown to have been unnecessary, the Court may adjust the final allowance to reflect this fact. In determining an interim award, the Court need merely be satisfied that a sufficient balance will remain outstanding to assure the possibility of an offset for any amount which is not finally allowable.

[18] Damon & Morey has filed detailed descriptions of the services and disbursements for which it seeks allowance. Having reviewed each description, this Court is generally satisfied with the reasonableness of the services described. The firm has erred, however, in its addition of the listed time, which the Court calculates to total 595.8 hours with a value of $69,174.00. At most, the time entries pose only minor issues of necessity. More than six months have passed since the last date for which the applicant seeks compensation. Because counsel has rendered substantial services subsequent to those described in its interim application, Damon & Morey retains an additional claim which is amply sufficient to offset any adjustment that might be warranted upon consideration of the final application. Accordingly, this Court approves an interim allowance for fees in the sum of $69,174.00, and will not require any holdback against this amount.

[19] [20] [21] [22] Among its requested reimbursements, Damon & Morey seeks an allowance for luncheon expenses in the amount of $27.59 and secretary overtime having a value of $2,978.70. Only in the most extraordinary of circumstances will this Court approve payment of meal charges. In the absence of a special showing, the Court deems meals to be a personal expense not appropriate for reimbursement. Secretarial services are generally an overhead cost. Such overtime is an allowable expense only if required to meet some special exigency, and then only to the *28 extent that the secretarial salary exceeds the normal expense for such secretarial service. As to the majority of the overtime charges, applicant concedes that it is unable to demonstrate that the overtime responded to an emergency, rather than to factors of convenience. As to the balance, Damon

& Morey fails to show what portions of the overtime charges represent a cost in excess of normal secretary expenses. Accordingly, the Court disallows the entire request for luncheon expenses and secretarial overtime, but grants leave to request a partial reimbursement consistent with the standard set forth herein. The Court will, however, approve the balance of the applicant's request for reimbursements in the total amount of $4,972.88.

So ordered.

Parallel Citations

26 Bankr.Ct.Dec. 287

Footnotes
1      778 F.2d at 124 (citations omitted).