Gary M. Kushner
Scott D. Simon
GOETZ FITZPATRICK LLP
One Penn Plaza, Suite 4401
New York, New York 10119
Tel: (212) 695-8100
gkushner@goetzfitz.com
ssimon@goetzfitz.com
*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                              Chapter 11

OTR MEDIA GROUP INC.,                                           Case No. 1-11-47385 (ESS)

                            Debtor.
-----------------------------------------------------------X

**INTERIM APPLICATION OF PEASE & ASSOCIATES, INC. FOR ALLOWANCE
OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR
<u>REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED</u>**

**To:    The Honorable Elizabeth S. Stong,
        United States Bankruptcy Judge**

       Pease & Associates, Inc. ("Pease"), as accountants for OTR Media Group Inc. (the "Debtor"), the debtor and debtor-in-possession herein, files this interim application (the "Application") pursuant to §§ 330(a) of title 11, United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for allowance of interim compensation for professional services performed and reimbursement of expenses for the period of May 25, 2012 through January 31, 2013 (the "First Interim Period"). In support of the Application, Pease respectfully represents as follows

I.  **SUMMARY OF RELIEF REQUESTED**

1. By this Application, Pease seeks entry of an order awarding (i) interim compensation in the sum of $9,890 for fees for professional services rendered as the accountants for the Debtor in this chapter 11 proceeding during the First Interim Period.

2. The Court approved Pease's retention by Order dated July 17, 2012 [ECF No. 207].

3. This is the first application for professional fees made by Pease.

4. The professional services for which interim allowances are sought by Pease were rendered on behalf of the Debtor. Pease received no retainer for services to be rendered on behalf of the Debtor. Pease received no compensation for the professional services rendered in connection with this case, except as set forth in this Application.

5. Pease maintains records of the time expended in the rendition of all professional services, as well as records for expenses that were required to be paid on behalf of the Debtor. Pease's records were made concurrently with the rendition of the professional services and the expenditures made for the benefit of the Debtor. These records are set forth in Exhibit "A" annexed hereto and incorporated by reference.

II.  **PEASE'S QUALIFICATIONS**

6. Pease is a professional accounting firm, licensed under the laws of the State of Ohio, which maintains offices at 1422 Euclid Avenue, Suite 400, Cleveland, Ohio 44115-1910. Kuno S. Bell, CPA, JD ("Mr. Bell") is the accountant at Pease in charge of the representation of the Debtor in these chapter 11 proceedings.

7. Pease represents clientele located throughout Ohio and New York. Pease has diverse experience representing partnerships, limited liability corporations and sectors including

nursing homes, real estate, manufacturing and export sales.

8. Founded in 1999, Pease has been a member of CPAmerica since the firm was founded. CPAmerica is an association of prominent tax and accounting professionals from more than 70 offices across the country. Together, they form a network of talented experts who augment the skills and knowledge base of individual firms.

### III. SUMMARY OF SERVICES PERFORMED

9. During the First Interim Period, Pease provided the following services on the Debtor's behalf:

10. Pease provided advice on bankruptcy-related tax liability issues.

11. Pease also prepared and reviewed the Debtor's 2011 federal income tax returns, as well as for the Debtor's subsidiary, Splash Media Group.

12. This tax preparation involved reconciling (i) the Debtor's retained earnings to its prior year's return and posting of prior entries outside the Debtor's tax software; (ii) payroll and payroll taxes to the Debtor's annual payroll reports; (iii) inter-company detail with Splash Media; and (iv) fixed-asset details with updated depreciation.

13. Additionally, Pease reviewed the Debtor's accounts for security deposits and accounted for a write-off of a non-returned deposit.

14. Pease was also an invaluable asset to Debtor's counsel in preparing various reports which were used in connection with several Court hearings and the preparation of a plan and disclosure statement and monthly operating reports.

### IV. FACTUAL BACKGROUND

15. On August 25, 2011, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a

debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

16. No trustee, examiner or committee of creditors has been appointed in this case.

17. The Debtor is an outdoor advertising company whose sole business is the solicitation, arrangement and placement of outdoor advertising displays in the New York metropolitan area.

18. The Debtor's chapter 11 filing was precipitated by, among other things, fines and legal expenses in connection with New York City's promulgation and enforcement of zoning regulations that effectively banned the Debtor from maintaining certain signs. The fines, legal expenses, and loss of revenue restricted the Debtor's trade credit and created substantial cash flow issues.

19. The Debtor is in the process of implementing a comprehensive restructuring plan designed to enhance its operational capacity and refinance its secured debt obligations, which will allow it to emerge from chapter 11 protection and continue to provide advertising services in the New York area.

## V. REQUEST FOR ALLOWANCES OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

20. The professional services rendered by Pease demanded a high degree of professional competence and professional responsibility.

21. Pease has sought to render professional services in an efficient and economical manner.

22. For example, Pease has staffed the Debtor's case with a single professional, namely Mr. Bell, who performed a litany of tasks for the Debtor during the First Interim Period, substantially all of the services required by the Debtor. As such, Pease did not have to spend

significant time or effort on bringing separate personnel up to speed on the Debtor's file.

23. Pease submits that the value of the services rendered on behalf of the Debtor provided material benefits to the Debtor and its creditors.

24. For those reasons, Pease submits that its Application for interim compensation be granted. A form of proposed Order is annexed hereto as Exhibit "B".

25. No prior application for the relief requested herein has been made to this Court.

WHEREFORE, Pease & Associates, Inc. respectfully requests that the Court enter an order granting this Application in its entirety and for such further and different relief as is just, proper and equitable.

Dated: New York, New York
April 18, 2013

        Goetz Fitzpatrick LLP
        *Attorneys for the Debtor*

By: /s/Scott D. Simon
    Gary M. Kushner
    Scott D. Simon
    One Pennsylvania Plaza
    44th Floor
    New York, New York 10119
    (212) 695-8100

t:\scottdsimon\otr media group inc\rentention of accountants\pease\fee application\pease first interim fee application.doc