Gary M. Kushner
Scott D. Simon
GOETZ FITZPATRICK LLP
One Penn Plaza, Suite 4401
New York, New York 10119
Tel: (212) 695-8100
gkushner@goetzfitz.com
ssimon@goetzfitz.com
*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

In re: Chapter 11

OTR MEDIA GROUP INC., Case No. 1-11-47385 (ESS)

Debtor.

----------------------------------------------------------X

**FIRST AND FINAL APPLICATION OF WHITEMAN OSTERMAN & HANNA LLP FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**

**To: The Honorable Elizabeth S. Stong, United States Bankruptcy Judge**

Whiteman Osterman & Hanna LLP ("WOH"), special counsel for OTR Media Group Inc., the debtor and debtor-in-possession (the "Debtor"), files this first and final application (the "Application"), pursuant to § 330(a) of title 11, United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for allowance of final compensation for professional services performed and reimbursement of expenses for the period of March 13, 2012 through September 13, 2012 (the "First and Final Period"). In support of the Application, WOH respectfully represents as follows:

## I. SUMMARY OF RELIEF REQUESTED

1. By this Application, WOH seeks entry of an order awarding (i) final compensation in the sum of $18,362.38 for fees for professional services rendered and $120.60 for expenses incurred as special counsel for the Debtor in this chapter 11 proceeding during the First and Final Period.

2. The Court approved WOH's retention application by Order dated July 17, 2012 [ECF No. 209]. Subsequently, the Court amended the Order to reflect the appropriate start of WOH's services on the Debtor's behalf to March 13, 2012 [ECF No. 306].

3. The professional services for which final allowances are sought by WOH were rendered on behalf of the Debtor. WOH received no retainer for services to be rendered on behalf of the Debtor. WOH received no compensation for the professional services rendered in connection with this case, except as set forth in this Application.

4. WOH maintains records of the time expended in the rendition of all professional services, as well as records for expenses that were required to be paid on behalf of the Debtor. WOH's records were made concurrently with the rendition of the professional services and the expenditures made for the benefit of the Debtor. These records are set forth in Exhibit "A" annexed hereto and incorporated by reference.

## II. QUALIFICATIONS OF WOH

5. WOH is a full-service law firm that is focused on transactional matters and complicated court cases for businesses and individuals in diverse areas of the law, including regulatory law, complex corporate transactions, commercial law, and real property law. The attorneys of the firm have significant litigation and transactional experience.

6. WOH was retained to represent the Debtor in connection with certain matters of

appellate litigation and regulatory law.

## III. SUMMARY OF SERVICES PERFORMED

7. During the First and Final Period, WOH provided the following legal services on the Debtor's behalf:

8. For the Debtor's sign located at 838 6th Avenue, WOH prepared and submitted an application for leave to appeal to the Court of Appeals relating to an unfavorable decision in a transferred Article 78 proceeding in the Appellate Division, First Department. Additionally, the firm prepared and submitted an application to the Court of Appeals for a stay of the Appellate Division's order.

9. The work included: examination of the record on appeal from the Appellate Division; research and examination of the underlying zoning issues in the case, including a lawful, non-conforming use under the applicable NYC code; preparation of the notice of motion for leave and affirmation; preparation of the order to show cause (for the stay) and affirmation; strategy conferences with the client and counsel of record before the Appellate Division.

10. Additionally, following denial of the leave application, WOH provided analysis and guidance relating to the ECB hearing and analysis relating to a potential Article 78 proceeding following the determination in the ECB hearing.

11. Lastly, in connection with the Debtor's sign at 538 10th Avenue, WOH performed a general analysis of a potential Article 78 proceeding. This included review of the existing record relating to that property.

12. Had the Court of Appeals granted the leave application and then reversed the decision of the Appellate Division, First Department, the Debtor would have immediately been allowed to maintain its sign at 838 6th Avenue and collect the rent related thereto.

## IV. FACTUAL BACKGROUND

13. On August 25, 2011, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

14. No trustee, examiner or committee of creditors has been appointed in this case.

15. The Debtor is an outdoor advertising company whose sole business is the solicitation, arrangement and placement of outdoor advertising displays in the New York metropolitan area.

16. The Debtor's chapter 11 filing was precipitated by, among other things, fines and legal expenses in connection with New York City's promulgation and enforcement of zoning regulations that effectively banned the Debtor from maintaining certain signs. The fines, legal expenses, and loss of revenue restricted the Debtor's trade credit and created substantial cash flow issues.

17. The Debtor is in the process of implementing a comprehensive restructuring plan designed to enhance its operational capacity and refinance its secured debt obligations, which will allow it to emerge from chapter 11 protection and continue to provide advertising services in the New York area.

## V. REQUEST FOR ALLOWANCES OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

18. The professional services rendered by WOH demanded a high degree of professional competence and professional responsibility.

19. WOH has sought to render professional services in an efficient and economical manner.

20. For example, WOH has staffed the Debtor's case with a core group of professionals including Christopher Buckey ("Buckey") and Robert Rosborough ("Rosborough"). Both Buckey and Rosborough performed a litany of legal tasks for the Debtor during the First and Final Period.

21. In order to avoid overstaffing of the Debtor's case, WOH dedicated this core group of professionals who have performed substantially all of the legal services required by the Debtor. As such, WOH did not have to spend significant time or effort on bringing separate personnel up to speed on the Debtor's file.

22. WOH submits that the value of the services rendered on behalf of the Debtor provided material benefits to the Debtor and its creditors.

23. To the extent that the Debtor was facing the permanent loss of the right to maintain the sign at 838 6th Avenue (and the ability to collect rent therefrom), a reasonable company in the Debtor's position would have retained WOH to prepare the leave application, particularly given the firm's zoning and land use expertise and its appellate expertise.

24. The Court of Appeals ultimately denied the leave application and, therefore, the Debtor has been forced to further litigate its right to maintain the sign at this property by appealing NOVs.

25. For those reasons, WOH submits that its Application for final compensation be granted. A form of proposed Order is annexed hereto as Exhibit "B".

26. Other than the work referenced in this Application, WOH has not performed any additional work for the Debtor. At this time WHO has not been contacted to perform additional work nor has it otherwise been engaged to do so.

27. No prior application for the relief requested herein has been made to this Court.

WHEREFORE, Whiteman Osterman & Hanna LLP respectfully requests that the Court enter an order granting this Application in its entirety and for such further and different relief as is just, proper and equitable.

Dated: New York, New York
April 18, 2013

Goetz Fitzpatrick LLP
*Attorneys for the Debtor*

By: /s/Gary M. Kushner
Gary M. Kushner
Scott D. Simon
One Pennsylvania Plaza
44th Floor
New York, New York 10119
(212) 695-8100

t:\scottdsimon\otr media group inc\retention of whiteman firm\fee application\whiteman firm fee application.doc