Hearing Date: April 23, 2013
Time: 11:00am

Hearing Date: April 23, 2013
Time: 11:00am

TANNENBAUM HELPERN SYRACUSE &
HIRSCHTRITT LLP
*Counsel for Metropolitan National Bank*
900 Third Avenue
New York, New York 10022
Attn: Wayne H. Davis, Esq.
Tel: (212) 508-6700
Fax: (212) 371-1084
Email: davis@thsh.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              :
                                                    :
OTR MEDIA GROUP, INC.,                              :    Chapter 11
                                                    :    Case No. 11-47385 (ESS)
                                    Debtor.         :
------------------------------------------------------------x

### RESPONSE OF METROPOLITAN NATIONAL BANK TO THE CITY OF NEW YORK'S DECLARATIONS OF NON-COMPLIANCE WITH CONSENT ORDER AND REQUEST FOR AN ORDER CONVERTING THE DEBTOR'S CHAPTER 11 CASE TO ONE UNDER CHAPTER 7

Metropolitan National Bank ("MNB"), by its undersigned counsel, hereby responds to the declarations of non-compliance with the Consent Order Conditionally Granting Motion of the Office of the United States Trustee to Convert Chapter 11 Case, entered July 19, 2012 (ECF No. 214, the "Consent Order") filed by the City of New York ("the City") on April 8, 2013 (ECF No. 373, together, the "City Declarations"),[1] which seek to convert the Debtor's Chapter 11 case to one under Chapter 7. As and for its response, MNB respectfully represents as follows:

---

[1] The City Declarations consist of: (i) the declarations of Edward Fortier, Jr. dated March 29, 2013 and (ii) the declaration of Brian Horan dated March 29, 2013.

[979460-2]

## Preliminary Statement

MNB has reviewed the City Declarations as well as the Debtor's responsive papers and, in view of what appear to be the diametrically opposed views of the City on the one hand and the Debtor on the other (on issues of law as well as of fact), believes (i) the alleged sign law violations identified in the City Declarations are best resolved in a forum other than this Court, (ii) the City's should request be denied, and (iii) the Debtor should be given the opportunity to reorganize pursuant to Chapter 11.

## Response

1. As it has from the outset of the Debtor's Chapter 11 case, MNB continues to believe that the rehabilitation of the Debtor's business and the reorganization of its bankruptcy estate are in the best interests of the Debtor and its creditors. MNB has supported this process by authorizing the use of its case collateral to fund the Debtor's operations throughout the Chapter 11 case as well as by assisting in the resolution of numerous issues the Debtor has faced along the way, including but not limited to in connection with the Debtor's landlords, taxing authorities and the City of New York with respect to alleged violations by the Debtor of the City's outdoor advertising sign-related laws and regulations.

2. While not privy to the details of the alleged violations cited in the City Declarations, MNB believes the consideration and resolution of such issues are best left to the City's own regulatory and administrative processes. At this juncture, particularly given the inapposite views expressed by the City on one hand and the Debtor on the other, notably including on behalf of the Debtor the views of Phyllis Arnold, former Deputy Commissioner and general counsel of the New York City Department of Buildings ("DOB"), MNB believes even more strongly that such issues are best left resolved by the DOB itself while this Court maintains

oversight of the Chapter 11 reorganization process the Debtor appears to now be on the verge of successfully emerging from.

3. One issue raised in the City Declarations and the Debtor's responsive papers that MNB can address directly and believes the Court is well-positioned to rule on is the issue of whether the Consent Order contemplated that Ms. Arnold's initial report, issued on July 24, 2012, be immutable or, to the contrary, subject to revision and amendment as and to the extent Ms. Arnold became aware of facts supporting revision of one or more of her initial determinations. Having been involved, through its counsel, in what it believes was essentially all negotiations with respect to the terms of the Consent Order, MNB has always understood that Ms. Arnold's initial conclusions were subject to change as and to the extent "new evidence," whether the product of the 2004 examinations authorized by this Court or otherwise, supported such change. MNB does not believe the Consent Order provides otherwise.

4. After more than a year and a half in Chapter 11, the Debtor now stands on the verge of successfully emerging. The Debtor's First Amended Disclosure Statement, itself the product of extensive review and negotiation by and among the Debtor, the City of New York, MNB and the Office of the United States Trustee, was approved by Order of the Court dated March 22, 2013 (ECF No. 362). Pursuant to this Order, April 29, 2013 has been fixed as the date by which acceptances or rejections of the Debtor's First Amended Plan are to be received and by which objections to confirmation are to be filed, and May 9, 2013 has been set as the date for the hearing on confirmation of the Debtor's First Amended Plan.

5. Having participated in the negotiation and drafting of the Consent Order, and believing that violations of the sort alleged in the City Declarations and rebutted in the Debtor's responsive papers are best determined by the City's own administrative processes, MNB does

not believe any of the issues raised in the City Declarations justify derailing the Debtor's efforts to reorganize, particularly not at this very late stage of the case.

6. For all the reasons stated above, including as paramount MNB's belief that the reorganization of the Debtor's estate through the Chapter 11 process is in the best interests of the Debtor and its creditors, MNB requests that this Court decline the City's request to convert this case to one under Chapter 7.

Dated: New York, New York
April 19, 2013

                TANNENBAUM HELPERN SYRACUSE
                & HIRSCHTRITT LLP

        By: /s/ Wayne H. Davis
             Wayne H. Davis, Esq.
             900 Third Avenue
             New York, New York 10022
             (212) 508-6700

             *Counsel for Metropolitan National Bank*