Gary M. Kushner
Scott D. Simon
GOETZ FITZPATRICK LLP
One Penn Plaza, Suite 4401
New York, New York 10119
Tel: (212) 695-8100
gkushner@goetzfitz.com
ssimon@goetzfitz.com
*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| OTR MEDIA GROUP INC., | Case No. 1-11-47385 (ESS) |
| Debtor. | |

------------------------------------------------------------X

**INTERIM APPLICATION OF ROTH & COMPANY LLP FOR ALLOWANCE
OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR
<u>REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED</u>**

**To:  The Honorable Elizabeth S. Stong,
       United States Bankruptcy Judge:**

Roth & Company LLP ("Roth"), as accountants for OTR Media Group Inc. (the "Debtor"), the debtor and debtor-in-possession herein, files this interim application (the "Application") pursuant to §§ 330(a) of title 11, United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for allowance of interim compensation for professional services performed and reimbursement of expenses for the period of May 25, 2012 through March 31, 2013 (the "First Interim Period"). In support of the Application, Roth respectfully represents as follows

I. **SUMMARY OF RELIEF REQUESTED**

1. By this Application, Roth seeks entry of an order awarding (i) interim compensation in the sum of $24,129.75 for fees for professional services rendered as the accountants for the Debtor in this chapter 11 proceeding during the First Interim Period.

2. The Court approved Roth's retention by Order dated July 17, 2012 [ECF No. 208].

3. This is the first application for professional fees made by Roth.

4. The professional services for which interim allowances are sought by Roth were rendered on behalf of the Debtor. Roth received no retainer for services to be rendered on behalf of the Debtor. Roth received no compensation for the professional services rendered in connection with this case, except as set forth in this Application.

5. Roth maintains records of the time expended in the rendition of all professional services, as well as records for expenses that were required to be paid on behalf of the Debtor. Roth's records were made concurrently with the rendition of the professional services and the expenditures made for the benefit of the Debtor. These records are set forth in Exhibit "A" annexed hereto and incorporated by reference.

II. **ROTH'S QUALIFICATIONS**

6. Roth is a boutique accounting firm, licensed under the laws of the State of New York. Roth maintains offices at 1428 36th Street, Brooklyn, New York. Saul Deutsch ("Mr. Deutsch") is the accountant at Roth in charge of the representation of the Debtor in these chapter 11 proceedings.

7. Roth represents clientele located regionally and throughout the United States. Roth has diverse experience representing clients in diverse industries, including real estate,

hospitality, mortgage and banking, retail sales, manufacturing and distribution, not-for-profits, service business and wholesale/import.

8. Founded in 1978, Roth is a member of the American Institute of Certified Public Accountants – Private Companies Practice Section.

### III. **SUMMARY OF SERVICES PERFORMED**

9. During the First Interim Period, Roth provided the following services on the Debtor's behalf:

10. Roth represented the debtor in various discussions with New York State Taxation and Finance regarding outstanding payroll tax liabilities due for several quarters for multiple tax years.

11. Roth also reviewed several versions of documentation submitted by New York State Taxation and Finance with regards to these liabilities. Roth then assisted the Debtor with respect to reconciling its records with the multiple documents received from New York State Taxation and Finance.

12. In addition, Roth participated in various conferences with the Debtor to discuss cash flow positions, operational issues, administrative requirements associated with the chapter 11 case to develop exit strategies from chapter 11 and tax related matters regarding outstanding liabilities.

13. Roth was also an invaluable asset to Debtor's counsel in preparing various reports which were used in connection with several Court hearings and the preparation of a plan and disclosure statement and monthly operating reports.

### IV. **FACTUAL BACKGROUND**

14. On August 25, 2011, the Debtor filed a voluntary petition for relief under chapter

11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

15. No trustee, examiner or committee of creditors has been appointed in this case.

16. The Debtor is an outdoor advertising company whose sole business is the solicitation, arrangement and placement of outdoor advertising displays in the New York metropolitan area.

17. The Debtor's chapter 11 filing was precipitated by, among other things, fines and legal expenses in connection with New York City's promulgation and enforcement of zoning regulations that effectively banned the Debtor from maintaining certain signs. The fines, legal expenses, and loss of revenue restricted the Debtor's trade credit and created substantial cash flow issues.

18. The Debtor is in the process of implementing a comprehensive restructuring plan designed to enhance its operational capacity and refinance its secured debt obligations, which will allow it to emerge from chapter 11 protection and continue to provide advertising services in the New York area.

### V. REQUEST FOR ALLOWANCES OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

19. The professional services rendered by Roth demanded a high degree of professional competence and professional responsibility.

20. Roth has sought to render professional services in an efficient and economical manner.

21. For example, Roth has staffed the Debtor's case with a core group of professionals including Abraham Roth and Saul and Chaim Deutsch. These professionals

performed a litany of tasks for the Debtor during the First Interim Period.

22. In order to avoid overstaffing of the Debtor's case, Roth dedicated this core group of professionals who have performed substantially all of the services required by the Debtor. As such, Roth did not have to spend significant time or effort on bringing separate personnel up to speed on the Debtor's file.

23. Roth submits that the value of the services rendered on behalf of the Debtor provided material benefits to the Debtor and its creditors.

24. For those reasons, Roth submits that its Application for interim compensation be granted. A form of proposed Order is annexed hereto as Exhibit "B".

25. No prior application for the relief requested herein has been made to this Court.

WHEREFORE, Roth & Company LLP respectfully requests that the Court enter an order granting this Application in its entirety and for such further and different relief as is just, proper and equitable.

Dated: New York, New York
April 19, 2013

> Goetz Fitzpatrick LLP
> *Attorneys for the Debtor*
>
> By: /s/Scott D. Simon
> Gary M. Kushner
> Scott D. Simon
> One Pennsylvania Plaza
> 44th Floor
> New York, New York 10119
> (212) 695-8100

t:\scottdsimon\otr media group inc\rentention of accountants\roth\fee application\roth first interim fee application.doc