UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                        :
In re:                                                  :
                                                        :    Chapter 11
OTR MEDIA GROUP, INC.                                   :
                                                        :    Case No. 11-47385 (ESS)
                                      Debtor            :
---------------------------------------------------------------x

**NOTICE OF MOTION BY JANJAN REALTY FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE AND FOR RELATED RELIEF, INCLUDING DISMISSAL OF THE DEBTOR'S CHAPTER 11 CASE**

**PLEASE TAKE NOTICE** that, Janjan Realty Corp. (the "<u>Movant</u>") hereby moves for the entry of an order pursuant to Section 362 of the Bankruptcy Code modifying the automatic stay to permit the Movant to exercise its state law remedies against the Debtor and for related relief, including dismissal of the Debtor's chapter 11 bankruptcy case and for such other and further relief as this Court may deem just and proper (the "<u>Motion</u>").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion will be held before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, in Courtroom No. 3585 of the United States Bankruptcy Court for the Eastern District of New York (the "<u>Bankruptcy Court</u>"), Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201-1800, on October 22, 2013 at 10:00 a.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Local Rules for the United States Bankruptcy Court for the Eastern District of New York (the "<u>Local Rules</u>"); must be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the

Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (in either case, with a hard-copy delivered directly to Chambers), and must be served upon (i) attorney for the Movant, Joseph A. Altman, P.C., 951 Bruckner Blvd., Bronx, New York 10459 (Attention:  Joseph A. Altman) and (ii) the parties in interest who have requested notice pursuant to Bankruptcy Rule 2002 and the Local Rules, so as to be actually received not later than October 15, 2013 at 4:00 p.m. (ET).  Only those responses that are timely filed, served and received will be considered at the hearing.

Only those responses that are timely filed, served and received will be considered at the hearing.

Failure to file a timely objection may result in entry of an order granting the Motion.

Dated:  October 1, 2013          **Joseph A. Altman, P.C.**
     Bronx, New York

                  By: /s/ Joseph A. Altman
                   Joseph A. Altman
                   951 Bruckner Blvd.
                   Bronx, New York 10459
                   Phone:  718-328-0422

                   Counsel for Janjan Realty Corp.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------x
                                                :
In re:                                          :
                                                :    Chapter 11
OTR MEDIA GROUP, INC.                           :
                                                :    Case No. 11-47385 (ESS)
                                                :
                            Debtor              :
------------------------------------------------x

### MOTION BY JANJAN REALTY FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE AND FOR RELATED RELIEF, INCLUDING DISMISSAL OF THE DEBTOR'S CHAPTER 11 CASE

Janjan Realty Corp. (the "Movant" or "Landlord") hereby moves for the entry of an order pursuant to Section 362 of the Bankruptcy Code modifying the automatic stay to permit the Landlord to exercise its state law remedies against the Debtor and for related relief, including dismissal of the Debtor's chapter 11 bankruptcy case and for such other and further relief as this Court may deem just and proper (the "Motion") and in support respectfully represents as follows:

1.      At the hearing before the Honorable Court on September 20, 2013, the Honorable Court instructed the Debtor to co-operate with the Landlord regarding stay relief. Yet, the Debtor has been anything but co-operative. Accordingly, the Landlord is now forced to waste the Honorable Court's time and present this Motion.

2.      The Landlord is the owner of premises located at 207 Dyckman Street, NY, NY and 209 Dyckman Street, NY, NY. In its plan and disclosure statement - which is nothing but a plan of hopes and dreams - the Debtor has continuously maintained that it holds the lease to place signs at said locations. Copies of said leases are annexed hereto as Exhibit 1. These leases are for hanging of signs at the said premises. Each lease calls for rent at the rate of $3,600/per annum payable in quarterly installments.

3.      Each lease in paragraph 13 thereof requires the Debtor "to make payment on and address all issues related to "violations issued on the [premises] related to hanging or installation of advertising signs". It is not news to the Honorable Court that the Debtor has been violating various applicable NYC laws related to signs. This harm has now come on the Landlord as NYC has fined (and continues to fine) and obtained payment from the Landlord in an amount equal to approximately $55,000 (which amounts continue to grow) because of the Debtor's willful disregard of the law. When asked to remove the sign, the Debtor's counsel has responded with correspondence that any attempt by the Landlord to comply with the law would be a violation of the automatic stay.

4.      Copies of fines imposed upon the Landlord as a result of the Debtor's willful violation of the law and proof of payment are annexed hereto as Exhibit 2. The NYC violations, imposition of fines upon and the payments by the Landlord all took place post-petition; accordingly, prompt performance by the Debtor cannot be excused. Additional violations issued by NYC are annexed hereto as Exhibit 3.

5.      The Debtor must (a) pay promptly to the Landlord the fines it has incurred to NYC and (b) immediately remove sign that violate regulatory laws and are a health and safety violation. Absent that, the Landlord should be granted stay relief. In the disclosure statement on page 52, the Debtor has indicated its desire to perhaps not keep at least one of the two locations. The reality is that the Debtor has been willful in that it has not complied with the Lease, applicable law and likely does not have any resources to cure and such post-petition defaults under the lease and comply with the law.

6.      Since the Debtor is in non-compliance with regulatory and health and safety laws and the lease, the Debtor's conduct should not be sanctioned.

2

7.    As a result, it is proper that the Landlord should be granted lift stay relief.  In addition, the Honorable Court should deny confirmation of the Debtor's plan and/or dismiss or convert the instant bankruptcy case.

**WHEREFORE**, the Landlord respectfully requests the entry of an order modifying the automatic stay to permit the Landlord to exercise its state law remedies against the Debtor and for related relief, including dismissal of the Debtor's chapter 11 bankruptcy case and for such other and further relief as this Court may deem just and proper.

Dated:  October 1, 2013
       Bronx, New York

                     **Joseph A. Altman, P.C.**

                     By: /s/ Joseph A. Altman
                     Joseph A. Altman
                     951 Bruckner Blvd.
                     Bronx, New York 10459
                     Phone:  718-328-0422

                     Counsel for Janjan Realty Corp.

3

EXHIBIT 1

Lease # 10172

# LEASE AGREEMENT

**media**

This Lease Agreement ("Lease") is made this 29th Day of October, 2007 by and between Janjan Realty Corp, a New York Corporation having their/its principal address at 88-21 53 Avenue, Elmhurst, NY, 11373 ("Lessor") and Splash Media Group, LLC, having its principal address at 424 West 33rd Street, New York, N.Y. 10001 ("Lessee").

WHEREAS, Lessor owns or controls a building/property at 209 Dyckman Street, Block # 2233 Lot # 58, in the City/County of New York ("Property"), and Lessee desires to use a portion of the Property for advertising purposes.

NOW, THEREFORE, in consideration of the sum of Ten Dollars ($10.00) in hand paid, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1) **Lease and Premises**- Lessor hereby grants to Lessee the exclusive right to the building for signs and to use that portion of the Property consisting of all of the north west wall ("Premises") for the purpose of installing and maintaining thereon outdoor advertising displays, including necessary supporting structures, devices, illumination facilities and connections, service ladders and other appurtenances, with free access at all hours to and upon the same ("Sign") at Lessee's expense in accordance with the terms of this Lease.

2) **Term**- The Term ("Term") of this Lease Agreement shall be for ten (10) years and shall commence on December 1, 2007 and ending November 30, 2017 ("Commencement Date"). Notwithstanding the Commencement Date, from and after the date of this Lease, Lessee shall have the use of the Premises through the Commencement Date in order to prepare for occupancy. Lessee shall have the option to terminate this Lease on notice to Lessor.

3) **Lessee Payments**- Commencing on the Commencement Date through the end of the Term of this Lease, Lessee shall pay Lessor at an annual rate of three thousand six hundred dollars ($3,600) payable in equal quarterly installments ("Rent").

4) **Electricity**- If Lessee elects to illuminate the Sign, it shall install, at its sole cost and expense, an electric submeter and riser to provide electricity to the Sign or make other arrangements with Lessor.

5) **Ownership**- Lessee shall remain the owner of all Signs and shall have the right to remove said Signs at any time during the Term of this Lease and shall remove the sign within 30 days after the expiration of this Lease.

6) **Damage to Premises**- If Lessee causes any damage to the Premises while constructing and/or erecting and/or preparing for Occupancy or after Occupancy occurs it shall cure those damages at its own expense within fifteen (15) days from the date the Lessor notifies Lessee.

7) **Lessor's Representations**- Lessor represents that the undersigned is authorized, empowered and able to execute this Lease and that it does not violate any existing agreements.

8) **Assignment and Subletting**- Subject to prior written approval, not to be unreasonably withheld or denied and shall be deemed approved if no response is given within thirty (30) days, Lessee may assign or otherwise transfer all or any part of its interest in this Lease or in the Premises upon Lessee providing written notice to Lessor of its intention. From and after the date of the assignment of this Lease, the Lessee shall have no further obligations under this Lease.

9) **Lessee's Indemnity**- Lessee agrees to indemnify Lessor and hold the Lessor's harmless from and against any and all losses, costs, expenses, and liabilities incurred by the Lessor in connection with any claim, suit or action (collectively "Claims") made against the Lessor in connection with Lessee's performance of its obligations hereunder, except to the extent such Claims result from the negligence or willful misconduct of Lessor.

10) **Invalid Provisions**- If any provision of this Lease is deemed or becomes invalid or non-enforceable by law, the remainder of this Lease shall remain in force to the fullest extent permitted by law.

11) **Entire Agreement**- This Lease constitutes the entire understanding between the parties concerning the subject matter hereof and supersedes all previous agreements, negotiations or representations, written or oral. This Lease may be modified only in writing and signed by all the parties hereto.

12) **Lessor's Assignment**- This Lease will bind and inure to the benefit of all successors, executors, heirs, and assigns. Lessor agrees that if it sells the Property, it will condition such sale on the assumption of this Lease.

13) **Additional Comments**- Beginning in the sixth year of this Lease, this Rental shall increase to four thousand eight hundred dollars ($4,800). Lessee shall provide Lessor with a certificate of insurance, naming Lessor as additional insured. Lessee shall not display any advertising of lewd or pornographic nature. Lessee shall be responsible for any violations issued on the Property relating to the hanging or installation of the advertising sign.

IN WITNESS WHEREOF, the parties hereto have executed this Lease as of the day and year first written above.

Lessor: Janjan Realty Corp

By: _Vincent W___

Name, Title: VINCENT WONG

VICE PRESIDENT

Date: 10/29/2007

Lessee: Splash Media Group, LLC

By: _____

Name, Title: Ken Estherbin, President

Date: 10/29/07

Lease # 10173

## LEASE AGREEMENT

media

This Lease Agreement ("Lease") is made this 29th Day of October 2007 by and between Janjan Realty Corp, a New York Corporation having their/its principal address at 88-21 53 Avenue, Elmhurst, NY, 11373 ("Lessor") and Splash Media Group, LLC, having its principal address at 424 West 33rd Street, New York, N.Y. 10001 ("Lessee").

WHEREAS, Lessor owns or controls a building/property at 207 Dyckman Street, Block # 2233 Lot # 56, in the City/County of New York ("Property"), and Lessee desires to use a portion of the Property for advertising purposes.

NOW, THEREFORE, in consideration of the sum of Ten Dollars ($10.00) in hand paid, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1) **Lease and Premises-** Lessor hereby grants to Lessee the exclusive right to the building for signs and to use that portion of the Property consisting of all of the south east wall ("Premises") for the purpose of installing and maintaining thereon outdoor advertising displays, including necessary supporting structures, devices, illumination facilities and connections, service ladders and other appurtenances, with free access at all hours to and upon the same ("Sign") at Lessee's expense in accordance with the terms of this Lease.

2) **Term-** The Term ("Term") of this Lease Agreement shall be for ten (10) years and shall commence on December 1, 2007 and ending November 30, 2017 ("Commencement Date"). Notwithstanding the Commencement Date, from and after the date of this Lease, Lessee shall have the use of the Premises through the Commencement Date in order to prepare for occupancy. Lessee shall have the option to terminate this Lease on notice to Lessor.

3) **Lessee Payments-** Commencing on the Commencement Date through the end of the Term of this Lease, Lessee shall pay Lessor at an annual rate of three thousand six hundred dollars ($3,600) payable in equal quarterly installments ("Rent").

4) **Electricity-** If Lessee elects to illuminate the Sign, it shall install, at its sole cost and expense, an electric submeter and riser to provide electricity to the Sign or make other arrangements with Lessor.

5) **Ownership-** Lessee shall remain the owner of all Signs and shall have the right to remove said Signs at any time during the Term of this Lease and shall remove the sign within 30 days after the expiration of this Lease.

6) **Damage to Premises-** If Lessee causes any damage to the Premises while constructing and/or erecting and/or preparing for Occupancy or after Occupancy occurs it shall cure those damages at its own expense within fifteen (15) days from the date the Lessor notifies Lessee.

7) **Lessor's Representations-** Lessor represents that the undersigned is authorized, empowered and able to execute this Lease and that it does not violate any existing agreements.

8) **Assignment and Subletting-** Subject to prior written approval, not to be unreasonably withheld or denied and shall be deemed approved if no response is given within thirty (30) days, Lessee may assign or otherwise transfer all or any part of its interest in this Lease or in the Premises upon Lessee providing written notice to Lessor of its intention. From and after the date of assignment of this Lease, the Lessee shall have no further obligations under this Lease.

9) **Lessee's Indemnity-** Lessee agrees to indemnify Lessor and hold the Lessor's harmless from and against any and all losses, costs, expenses, and liabilities incurred by the Lessor in connection with any claim, suit or action (collectively "Claims") made against the Lessor in connection with Lessee's performance of its obligations hereunder, except to the extent such Claims result from the negligence or willful misconduct of Lessor.

10) **Invalid Provisions-** If any provision of this Lease is deemed or becomes invalid or non-enforceable by law, the remainder of this Lease shall remain in force to the fullest extent permitted by law.

11) **Entire Agreement-** This Lease constitutes the entire understanding between the parties concerning the subject matter hereof and supersedes all previous agreements, negotiations or representations, written or oral. This Lease may be modified only in writing and signed by all the parties hereto.

12) **Lessor's Assignment-** This Lease will bind and inure to the benefit of all successors, executors, heirs, and assigns. Lessor agrees that if it sells the Property, it will condition such sale on the assumption of this Lease.

13) **Additional Comments-** Beginning in the sixth year of this Lease, this Rental shall increase to four thousand eight hundred dollars ($4,800) Lessee shall provide Lessor with a certificate of insurance, naming Lessor as additional insured. Lessee shall not display any advertising of lewd or pornographic nature. Lessee shall be responsible for any violations issued on the Property relating to the hanging or installation of the advertising sign.

IN WITNESS WHEREOF, the parties hereto have executed this Lease as of the day and year first written above.

Lessor: Janjan Realty Corp

By: _Vincent Wu_

Name, Title: Vin Cent Wu LLC

VICE PRESIDENT

Date: 10/29/2007

Lessee: Splash Media Group, LLC

By: _____

Name, Title: Lev Eichenholz, President

Date: 10/30/07

EXHIBIT 2

**City of New York**
Environmental Control Board
66 John St. 10th Floor
New York, NY 10038

**═══════ SALES RECEIPT ═══════**

Transaction #: 138206
Date: 8/16/2013    Time: 2:25:24 PM
Cashier: PM    Register #: 1

| Item | Description | Amount |
|------|-------------|--------|
| 34983483P | Buildings - 34983 | $5,000.00 |
| 34983485Z | Buildings - 34983 | $5,000.00 |
| 34983487H | Buildings - 34983 | $5,000.00 |
| 34983489X | Buildings - 34983 | $5,000.00 |
| 34983491P | Buildings - 34983 | $5,000.00 |

| Sub Total | $25,000.00 |
|-----------|------------|
| Total | $25,000.00 |

Check Tendered    $25,000.00
Change Due    $0.00



*138206*
Thank you
City of New York

---

**City of New York**
Environmental Control Board
66 John St. 10th Floor
New York, NY 10038

**═══════ SALES RECEIPT ═══════**

Transaction #: 138207
Date: 8/16/2013    Time: 2:26:51 PM
Cashier: PM    Register #: 1

| Item | Description | Amount |
|------|-------------|--------|
| 34983526X | Buildings - 34983 | $5,000.00 |
| 34983528J | Buildings - 34983 | $5,000.00 |
| 34983530Z | Buildings - 34983 | $5,000.00 |
| 34983532M | Buildings - 34983 | $5,000.00 |
| 34983534K | Buildings - 34983 | $5,000.00 |
| 34983535H | Buildings - 34983 | $5,000.00 |

| Sub Total | $30,000.00 |
|-----------|------------|
| Total | $30,000.00 |

Check Tendered    $30,000.00
Change Due    $0.00



*138207*
Thank you
City of New York

Page 1 of 2



# THE CITY OF NEW YORK
# ENVIRONMENTAL CONTROL BOARD

HEARING LOCATION:
Environmental Control Board
66 John Street
10th Floor
New York, NY 10038
(212) 504-6270

**Method of Appearance**
Live Hearing



DECISION AND ORDER
Violation #: 034983483P et al. (5 NOVs)
Hearing Date: July 19, 2013

To:   COHEN HOCHMAN & ALLEN          City of New York v. HOWARD WONG
      80 MAIDEN LANE
      SUITE 507
      NEW YORK, NY 10038

**Total Civil Penalty: $25,000.00**

5 Notice(s) of Violation (NOV(s)) was/were issued to the Respondent. On the record before me, and upon the Limited Findings of Fact/Conclusions of Law stated below, I find as follows and, where applicable, order payment and compliance:

NOV: 034983483P
PLACE OF OCCURRENCE: 207 DYCKMAN STREET MANHATTAN
DATE OF OCCURRENCE: 06/25/2012
ISSUING OFFICER AGENCY: 1983 DOB
  ECB CODE: B160
  CHARGE: AC 28-105.1
  DISPOSITION: IN VIOLATION          CIVIL PENALTY IMPOSED:          $5,000.00

NOV: 034983457
PLACE OF OCCURRENCE: 207 DYCKMAN STREET MANHATTAN
DATE OF OCCURRENCE: 06/25/2012
ISSUING OFFICER AGENCY: 1983 DOB
  ECB CODE: B165
  CHARGE: ZR 32-63
  DISPOSITION: IN VIOLATION          CIVIL PENALTY IMPOSED:          $5,000.00

NOV: 034983487M
PLACE OF OCCURRENCE: 207 DYCKMAN STREET MANHATTAN
DATE OF OCCURRENCE: 06/25/2012
ISSUING OFFICER AGENCY: 1983 DOB
  ECB CODE: B162
  CHARGE: AC 28-502.6
  DISPOSITION: IN VIOLATION          CIVIL PENALTY IMPOSED:          $5,000.00

NOV: 034983489X
PLACE OF OCCURRENCE: 207 DYCKMAN STREET MANHATTAN
DATE OF OCCURRENCE: 06/25/2012
ISSUING OFFICER AGENCY: 1983 DOB
  ECB CODE: B162
  CHARGE: AC 28-502.6
  DISPOSITION: IN VIOLATION          CIVIL PENALTY IMPOSED:          $5,000.00

NOV: 034983491P
PLACE OF OCCURRENCE: 207 DYCKMAN STREET MANHATTAN
DATE OF OCCURRENCE: 06/25/2012
ISSUING OFFICER AGENCY: 1983 DOB
  ECB CODE: B162
  CHARGE: AC 28-502.6
  DISPOSITION: IN VIOLATION          CIVIL PENALTY IMPOSED:          $5,000.00

FURTHER FINDINGS OF FACT/CONCLUSIONS OF LAW:

NOV: 034983483P    AC  28-105.1    NOV: 034983457    ZR  32-63    NOV: 034983487M    AC  28-502.6
NOV: 034983489X    AC  28-502.6    NOV: 034983491P    AC  28-502.6

Lindsay Garroway, Esq. appeared with Howard Wong, the named respondent, Alex Berger appeared on behalf of the petitioner. Joe Casino observed. The process server did not appear. All parties agreed to go forward without the presence of the process server.

The petitioner submitted three photos of the sign, Yankeeroom (See, petitioner's exhibits 1-2).

Mr. Wong testified that the service was made to his home. He lives there with his wife and never has house guests. The process server described John Doe on the affidavit of service as 130-160lbs and over 65 years old. He was 59 and not as thin as described. He denied

New York City Environmental Control Board

ever speaking to the process server, He received the Notice attached to the door.

Additionally, he testified that JanJan Realty is the owner of the property and he is president of the organization. He does the paperwork, in the office. His brother, Vincent is vice president and onsite manager dealing with all issues at the building. He had no knowledge of the sign until he received the Notice of Violation (NOV). The respondent submitted a deed to the property showing JanJan as the owner of the property (See, respondent's exhibit A).

A lease agreement was submitted between the unregistered OAC Splash Media and Vincent Wong (See, Respondent's exhibit B). Also submitted is a Chapter 11 motion against OTR Media Group, Inc which includes this property (See, respondent's exhibit C). The respondent argues it is disingenuous for the city not to allow the Rule 49 exemption with Splash who works with OTR Media and also hold OTR Media responsible for these properties.

The petitioner noted that Splash and OTR Media were once working together. At the time of the issuance of these NOVs, Splash was not a registered OAC.

Ms. Galloway argued that the respondent was improperly personally named since JanJan Realty is the owner (See, respondent's exhibit C above and petitioner's #3-response memo).

Further, she submitted documents to show Peter Merk removed the sign. OTR engaged Mr. Merk to install the signs and under the CBS case, the property owner should not be responsible even though Mr. Merk was not a professional licensed sign hanger (See, respondent's exhibit D).

Evidence of timely removal was submitted in a hearing on ECB #119072651 (See, respondent's exhibits E to G later incorporated as per consent of parties).

The process server described John Doe as male, yellow skinned, 5'8", 65 years and 131-160lbs, prior to attaching the NOV which was received by the respondent. I credit the affidavit of service and find the respondent fails to credibly show the person described was not the respondent or someone at the home at the time. Accordingly, the respondent's motion to dismiss for defective service is denied

I find the respondent was properly named. The respondent is the president of the company which owns and manages the property. Mr. Howard Wong may predominantly do bills, etc. for the property but I do not credit the testimony that he is not aware of the signs. Further, as president of the company, he has control of the property.

With respect to the H cases, the respondent fails to show the respondent was improperly named. The evidence presented failed to show a licensed sign hanger installed the sign and attached the decal. The H sections references licensed sign hangers, not just any sign hanger. I do not find under the CBS case that the rebuttal evidence supplied is sufficient to show another party should have been named. The fact that the respondent is a property owner and not the media company is not dispositive. Additionally, it is unclear whether Mr. Merk installed or just removed the sign.

Board of Appeals decisions make it clear that when a property owner leases space for the purpose of placing a sign on the outside of the building available for advertising purposes they become an outdoor advertising company as defined in Code Section 28-502.1. See, NYC v. Callen, ECB Appeal #000371, 8/18/09. NYC v. Manov, ECB Appeal #0000123, 8/9/09. Therefore, the respondent as property owner is an OAC and responsible for the violations issued to them as well as the OAC media company.

I find that Splash media was not a registered OAC. Where I have found OAC's with OTR in the name establishes the Rule 49 exemption, I do not find that Splash media and OTR Media are the same company. Splash had a registration number which was different than OTR Media, Splash Media failed to renew the registration. The property owner as an OAC is required to have a lease with a registered OAC to be exempt from the registration. Therefore, I find the Rule 49 exemption is not applicable.

Accordingly, I find the respondent in violation of all charges. I credit the evidence of timely removal and impose a Board approved mitigated penalty, to all NOVs.

| TOTAL CIVIL PENALTY: | $25,000.00 |
|---|---|

JUL 3 0 2013

Stacey Selden, Administrative Law Judge

07/26/2013

Date

PAYMENT DUE WITHIN TEN (10) DAYS
READ BACK OF THIS ORDER    PROTECT YOUR RIGHTS