

# THE CITY OF NEW YORK
## ENVIRONMENTAL CONTROL BOARD

HEARING LOCATION:
Environmental Control Board
66 John Street
10th Floor
New York, NY 10038
(212) 560-6279



1199266114016C01269

Method of Appearance
Live Hearing

**DECISION AND ORDER**
Violation #: 0349835-26X et al. (6 NOVs)
Hearing Date: July 19, 2013

To    COHEN HOCHMAN & ALLEN
80 MAIDEN LANE
SUITE 507
NEW YORK, NY 10038

City of New York v. HOWARD WONG

Total Civil Penalty: $30,000.00

6 Notice(s) of Violation (NOV(s)) was/were issued to the Respondent(s) in the record before me, and upon the further findings of fact/conclusions of law stated below, I find as follows and, where applicable, order payment and compliance.

NOV: 0349835-26X
PLACE OF OCCURRENCE: 209 DYCKMAN STREET MANHATTAN
DATE OF OCCURRENCE: 06/25/2012
ISSUING OFFICER/AGENCY: 1983-DOB
  ECB CODE: B160
  CHARGE: AC   28-105.1
  DISPOSITION: IN VIOLATION          CIVIL PENALTY IMPOSED:          $5,000.00

NOV: 0349835-28J
PLACE OF OCCURRENCE: 209 DYCKMAN STREET MANHATTAN
DATE OF OCCURRENCE: 06/25/2012
ISSUING OFFICER/AGENCY: 1983-DOB
  ECB CODE: B168
  CHARGE: ZR   32-63
  DISPOSITION: IN VIOLATION          CIVIL PENALTY IMPOSED:          $5,000.00

NOV: 0349835-30Z
PLACE OF OCCURRENCE: 209 DYCKMAN STREET MANHATTAN
DATE OF OCCURRENCE: 06/25/2012
ISSUING OFFICER/AGENCY: 1983-DOB
  ECB CODE: B162
  CHARGE: AC   28-502.6
  DISPOSITION: IN VIOLATION          CIVIL PENALTY IMPOSED:          $5,000.00

NOV: 0349835-32M
PLACE OF OCCURRENCE: 209 DYCKMAN STREET MANHATTAN
DATE OF OCCURRENCE: 06/25/2012
ISSUING OFFICER/AGENCY: 1983-DOB
  ECB CODE: B162
  CHARGE: AC   28-502.6
  DISPOSITION: IN VIOLATION          CIVIL PENALTY IMPOSED:          $5,000.00

NOV: 0349835-34X
PLACE OF OCCURRENCE: 209 DYCKMAN STREET MANHATTAN
DATE OF OCCURRENCE: 06/25/2012
ISSUING OFFICER/AGENCY: 1983-DOB
  ECB CODE: B162
  CHARGE: AC   28-502.6
  DISPOSITION: IN VIOLATION          CIVIL PENALTY IMPOSED:          $5,000.00

NOV: 0349835-35J
PLACE OF OCCURRENCE: 209 DYCKMAN STREET MANHATTAN
DATE OF OCCURRENCE: 06/25/2012
ISSUING OFFICER/AGENCY: 1983-DOB
  ECB CODE: B163
  CHARGE: AC   28-301.1
  DISPOSITION: IN VIOLATION          CIVIL PENALTY IMPOSED:          $5,000.00

FURTHER FINDINGS OF FACT/CONCLUSIONS OF LAW:

NOV: 0349835-26X   AC   28-105.1      NOV: 0349835-28J   ZR   32-63      NOV: 0349835-30Z   AC   28-502.6      NOV:

New York City Environmental Control Board

1199266114016C01269

0349835321  AC  28-502.4    NOV: 0349835331  AC  28-502.6    NOV: 0349835351  AC  28-501.1

Lindsay Garroway, Esq. appeared with Howard Wong, the named respondent. Alex Berger appeared on behalf of the petitioner. Joe Casions observed.

All testimony and evidence submitted by all parties in ECF#71982643 is incorporated into this hearing. That hearing was held on the property at 267 Dyckman issued on 6-25-12. This property is 209 Dyckman also issued on 6-25-12. The parties are the same.

The process server did not appear. All parties agreed to go forward without the presence of the process server.
The petitioner submitted a photo of the sign. (See, petitioner's exhibit #1).

Mr. Wong testified that the service was made at his home. He lives there with his wife and never has house guests. The process server described John Doe on the affidavit of service as 130-160lbs and over 65 years old. He was 59 and not as thin as described. He denied ever speaking to the process server. He received the Notice attached to the door.

Additionally, he testified that Jardan Realty is the owner of the property and he is president of the organization. He does the paperwork in the office. His brother, Vincent is vice president and onsite manager dealing with all issues at the building. He had no knowledge of the sign until he received the Notice of Violation, NOV). The respondent submitted a deed to the property showing Jardan as the owner of the property (See, respondent's exhibit A).

A lease agreement was submitted between the unregistered OAC Splash Mafia and Vincent Wong (See, Respondent's exhibit A#1). Also submitted previously is a Chapter 11 motion against OTR Media Group, Inc which includes this property (See, respondent's exhibit E). The respondent argues it is doing nexus for the city not to allow the Rule 49 exemption with Splash who works with OTR Media and also hold OTR Media responsible for these properties.

The petitioner noted that Splash and OTR Media were once working together. At the time of the issuance of these NOVs, Splash was not a registered OAC.

Ms. Garroway argued the respondent was improperly personally named since Jardan Realty is the owner (See, respondent's exhibit C memo and petitioner's #5 response memo).

Further, she submitted documents to show Peter Merk removed the sign. OTR engaged Mr. Merk to install the signs and under the CBS case the property owner should not be responsible even though Mr. Merk was not a professional licensed sign hanger (See, respondent's exhibit B).

New issues presented at this hearing are the demise of legal non-conforming use. The respondent supplies a packet of documents to show that it establishes legal creation and continuity with no more of a gap within two years (See, respondent's exhibit C#1).

The petitioner noted there was nothing to support legal creation. However, he presented documentation to show a different type of signage from one long painted sign to smaller panel signs within the two year period (See, petitioner's exhibits 2-3#1).

Evidence that the sign was timely removed on 8-4-12 was submitted (See, respondent's exhibits F-H).

Additionally, with respect to the failure to maintain, the respondent argues that this is an improper charge for an outdoor advertising sign. It is not immediately hazardous and does not rise to the level of a chassis targeted in ECF#71982662 which incorporated as per consent of parties. The petitioner notes it is the exact scenario where a failure to maintain should be imposed. The sign, as shown in the photo, is falling down and immediately hazardous.

The process server described John Doe as male, yellow-skinned, 5'8", 65 years and 131-160lbs, prior to attaching the NOV which was received by the respondent. I credit the affidavit of service and find that the respondent fails to credibly show the person described was not the respondent or someone at the home at the time. Accordingly, the respondent's motion to dismiss for defective service is denied.

I find the respondent was properly named. The respondent is the president of the company which owns and manages the property. Mr. Howard Wong may predominantly do bills, etc. for the property but I do not credit the testimony that he is not aware of the signs. Further, as president of the company, he has control of the property.

With respect to the H cases, the respondent fails to show the respondent was improperly named. The evidence presented failed to show a licensed sign hanger installed the sign and attached the decal. The H sections reference licensed sign hangers, not just any sign hanger. I do not find under the CBS case that the rebuttal evidence supplied is sufficient to show another party should have been named. The fact the respondent is a property owner and not the media company is not dispositive. Additionally, it is unclear whether Mr. Merk installed or just removed the signs.

Board of Appeals decisions make it clear that when a property owner leases space for the purpose of placing a sign on the outside of the building available for advertising purposes, they become an outdoor advertising company as defined in Code Section 28-502.4. See, NYC's Callen, IX B Appeal #900671, 8/18/09; NYC v Manu's, ECF B Appeal #0900123, 8/20/09. Therefore, the respondent as property owner is an OAC and responsible for the violations issued to them as well as the OAC media company.

Further, I find the Splash media was not a registered OAC. Where I have found OAC's with OTR in the name establishes the Rule 49 exemption, I do not find that Splash media and OTR Media are the same company. Splash had a registration number which was different than OTR Media. Splash Media failed to renew the registration. The property owner as an OAC is required to have a lease with a registered OAC to be exempt from the registration. Therefore, I find the Rule 49 exemption is not applicable.

Further, I find that legal creation has been shown. But I credit the petitioner's documents to show there was a lapse of continuity thereby New York City Environmental Control Board

11982663140190001-899

defeating the defense of non-conforming use.

The photo of the sign, Petitioner's exhibit#1 shows it is falling down. Since it is a large sign, I find that the failure to maintain is hazardous and should have been immediately repaired.

Accordingly, I find the respondent in violation of all charges. I credit the evidence of timely removal and impose a Board approved mitigated penalty to all NOVs.

| TOTAL CIVIL PENALTY: | $30,000.00 |
|---|---|

_____    JUL 3 0 2013

Stacey Selden, Administrative Law Judge                07-26-2013

Date

PAYMENT DUE WITHIN TEN (10) DAYS
READ BACK OF THIS ORDER – PROTECT YOUR RIGHTS

1199200114501BC01369

EXHIBIT 3

# NYCServ Violation Copy
Internet



35027177N

---

**NYC** Buildings

**NOTICE OF VIOLATION AND HEARING**

COMMISSIONER OF THE DEPARTMENT OF BUILDINGS
OF THE CITY OF NEW YORK, PETITIONER, AGAINST:

Violation No. 35027177N
ENVIRONMENTAL CONTROL BOARD

| Respondent: | First name (or entity name) Jan Jan Realty Corp. | | Last name |
|---|---|---|---|

☐ Mailing address (Check if same address as Place of Occurrence)  Number and street 2290 E 15th Street    City Brooklyn    State NY    Zip code 11229

License No. if Applicable    Construction Activity

Additional mailing to be sent (agent, care of, others):

| Name | First name | Last name | Company |
|---|---|---|---|
| Mailing address | Number and street | City | State | Zip code |

**Commissioner's Order To Correct Violations:**

Place of occurrence 209 Dickman Street    Apt #H    Date of violation 6/17/13    Time 8:56    Disp. STF    Code RS    No. 15

Construction Type CH4    Block 10604 98    Block 6    Lot 2233    BIN 53    Occupancy at time of inspection    Telephone No. 785-1904

Based on an inspection of the premises and/or records of the Department, the undersigned has determined that you are in violation of the section of law cited below, of Title 27 or Title 28 of the NYC Administrative Code, the NYC Construction Codes, the NYC Electrical Code, the NYC Zoning Resolution, the Reference Standards and/or Titles 1 or 2 of the Rules of the City of New York.

| Violating Conditions Observed | Stop Work Order ☐ Full ☐ Partial | Class 1 ☑ Class 2 ☐ Class 3 ☐ | Recurring Condition ☐ |
|---|---|---|---|

Infraction Code B162    Provision of Law 28-50.6    (1) Property owner acting as outdoor Advertising Company failure to obtain OAC registration number while engaging in the outdoor advertising business

(Medicaid Managed Care)

Remedy: Remove illegal sign/register

☐ ILLEGAL CONVERSION - CLASS 1. Per 28-202.1 & 1RCNY 102-01, additional daily penalties for continued violation of 28-210.1 also applicable.

☐ Per 28-202.1 & 1RCNY 102-01, additional "Class 1" daily or "Class 2" monthly penalty also applicable.    ☐ Aggravated II Condition per 1RCNY 102-01(f)

The Commissioner orders that you timely correct these conditions and file a certificate of such correction. Uncorrected violations are subject to additional violations and penalties. IMPORTANT: See 'Certifying Correction' on reverse.

Important Information: As detailed in §28-201.4 and Section 102-01 of Subchapter B of Title 1 of the Rules of the City of New York, violations may be subject to aggravated penalties of the first order, which shall be imposed in accordance with the ECB Schedule of Penalties.

**Resolution options**

CURE DATE /  /    HEARING DATE 9/13/13 at ☐ 8:30 AM ☑ 10:30 AM ☐ 1:30 PM

If a date appears in the box above, you may have the option to admit the violation and certify correction by the "cure date." By doing so, you avoid a hearing before the Environmental Control Board and any penalties which would be assessed at the hearing. Note: Depending on the violation, additional DOB civil penalties (separate from ECB penalties) may apply before a cure can be granted. For more information regarding "cures", see reverse side of the respondent's copy of this Notice of Violation.

For more information, to schedule your hearing or inquire about the case status, call the Environmental Control Board at the numbers listed above. For information on certifying correction of this violation, read instructions on the Certificate of Correction form, call Department of Buildings at 311, or visit the ECB Violation section at www.nyc.gov/buildings.

The hearing date above is mandatory if you are either charged with a Class 1 violation, or the respondent is marked as an Aggravated II condition, or if no "cure date" is given on this Notice of Violation. Also, the above hearing date is mandatory for all other types of charges if a certificate of correction (for a cure) is not received by the date indicated for the set, or is not approved by the Department, or if was uncertified, has have led years' accepted a prehearing stipulation or admit the violation. Refer to the DOB CCD Penalty Schedule at nyc.gov/buildings or check the status on ECB every on this website. IF YOU START ATTEND THIS HEARING IF YOU WISH TO CONTEST THE VIOLATION.

Environmental Control Board hearing locations:
☐ Queens,    (718) 286-7005 - 144-06 94th Avenue, 1st fl.
☐ Manhattan,    (212) 361-1400 - 66 John Street, 10th fl.
☐ Brooklyn,    (718) 923-6100 - 9 Bond Street, 7th fl.
☐ Bronx,    (718) 960-6110 - 3030 3rd Ave, 2nd fl.
☐ Staten Island,    (718) 815-8285 - 350 St. Marks Place, 1st fl.

Proceedings will be held under the authority of the NYC Charter section 1049-a and the rules promulgated thereunder. This hearing is your opportunity to answer and defend against the allegations set forth above. Failure to appear, unless you admit the violation or an appearance is not required through availability of a Cure or Stipulation (see reverse) will result in a default and imposition of maximum penalties.

Issuing officer's last name, first initial (print)    Singer R    ☐

Badge number 171.13.    Unit Code 151 ☐

I personally observed the violation(s) charged or verified their existence through review of departmental records.

Issuing officer's signature    R. Singer
This statement is affirmed under penalty of perjury.

35027177N

ORIGINAL - ECB COPY    ECB-PC (Rev. 2/12)

# NYCServ Violation Copy
## Internet



35027178P

---

**NOTICE OF VIOLATION AND HEARING**

NYC
Buildings

**AGGRAVATED I**

Violation No. 35027178P
ENVIRONMENTAL CONTROL BOARD

COMMISSIONER OF THE DEPARTMENT OF BUILDINGS
OF THE CITY OF NEW YORK, PETITIONER, AGAINST

Respondent Group* : OTR Media & Inc.

City: NEW YORK    State: NY    Zip code: 10040

### Commissioner's Order To Correct Violations

Place of occurrence: 209 Dyckman Street    MH    Date of violation: G 17/13/66    STF/RS    14

C4-4    0064898    C 2233 58    135 1924

### Violating Conditions Observed

Violation Code: 3165    Provision of Law: 32-63

"Outdoor Advertising Company Sign prohibited in c4-4 district."

(Medicaid Managed Care)

Remedy: Remove illegal sign

### Resolution options

CURE DATE: ___

HEARING DATE: 9/13/13 at 8:30 AM ☐ 10:30 AM ☐ 1:30 PM

Environmental Control Board hearing locations:
☐ Queens,    (718) 286-7300 - 144-06 94th Avenue, 1st fl.
☒ Manhattan,    (212) 361-1400 - 66 John Street, 10th fl.
☐ Brooklyn,    (718) 802-4156 - 9 Bond Street, 7th fl.
☐ Bronx,    (718) 935-6110 - 3030 3rd Ave, 2nd fl.
☐ Staten Island,    (718) 816-8085 - 350 St. Marks Place, 1st fl.

Issuing officer's last name, first initial (print): Seager, R.

Badge number: L179131    Unit: SE

Issuing officer's signature: [signature]

ORIGINAL - ECB COPY

35027178P

---

# NYCServ Violation Copy
## Internet



35027176L

NOTICE OF VIOLATION AND HEARING

**NYC** Buildings

COMMISSIONER OF THE DEPARTMENT OF BUILDINGS
OF THE CITY OF NEW YORK, PETITIONER, AGAINST

Violation No. 35027176L
ENVIRONMENTAL CONTROL BOARD

| Respondent | | |
|---|---|---|
| First name (or entity name) **Jan Jan Realty Corp.** | | Last name |
| ☐ Mailing address ☐ Check if same address as place of occurrence | Number and street **2292 E 15th street** | City **Brooklyn** State **NY** Zip code **11229** |
| | | License No. (if Applicable) Construction Activity |

| Additional mailing to be sent (agent, care of, other): | | |
|---|---|---|
| Name | First name | Last name | Company |
| Mailing address | Number and street | | City | State | Zip code |

## Commissioner's Order To Correct Violations

| Place of occurrence **209 Duckman Street** | Borough **B** | Date of Violation **6/17/13** | Type **SO** | Dist **STF** | Code **RS** | 16 |
|---|---|---|---|---|---|---|
| Construction type **C4-4** | No. of stories **10648390** | BIN **0** 2233 53 | Occupancy at time of inspection | | State of Violation **P3-1909** | |

Based on an inspection of the premises and/or records of the Department, the undersigned has determined that you are in violation of the section of law cited below, of Title 2 or Title 26 of the NYC Administrative Code, the NYC Construction Codes, the NYC Electrical Code, the NYC Zoning Resolution, the Reference Standards and/or Titles 1 or 2 of the Rules of the City of New York.

| Violating Conditions Observed | Stop Work Order ☐ Full ☐ Partial | ☐ Class 1 ☐ Class 2 ☐ Class 3 | Reoccurring Condition |
|---|---|---|---|
| Infraction Code **1565** | Provision of Law **32-63** | "Outdoor Advertising Company sign prohibited in C4-4 district" | |
| | | (Medicaid Managed Care) | |

| Remedy: **Remove illegal sign** |
|---|

☐ **ILLEGAL CONVERSION - CLASS 1.** Per 28-202.1, 3 1RCNY 102-01, additional daily penalties for continued violation of 28-210.1 where applicable.

☐ Per 28-202.1 & 1RCNY 102-01, additional "Class 1" daily or "Class 2" monthly penalty also applicable.    ☐ **Aggravated II Condition** per 1 RCNY 102-01(i)

The Commissioner orders that you timely correct these conditions and file a certificate of such correction. Uncorrected violations are subject to additional conditions and penalties. IMPORTANT: See "Certifying Correction" on reverse.

Important Information: As stated in §28-201.4 and Section 102-01 of Subchapter B of Title 1 of the Rules of the City of New York, Violations may be subject to aggravated penalties of the first tier, which shall be imposed in accordance with the ECB Buildings Penalty Schedule.

## Resolution options

| CURE DATE | **9 / 13 / 13** | HEARING DATE | **9 / 13 / 13** at ☒ 8:30 AM ☐ 10:30 AM ☐ 1:00 PM |
|---|---|---|---|

If a date appears in the box above, you may have the option to admit the violation and certify correction by the "cure date." By doing so, you avoid a hearing before the Environmental Control Board and any penalties which would be assessed at the hearing. Note: Depending on the violation, additional DOB civil penalties (separate from ECB penalties) may apply before a cure can be granted. For more information regarding "cures", see reverse side of the respondent copy of this Notice of Violation.

The hearing date above is mandatory if you are either charged with a Class 1 violation, or the violation is marked as an "Aggravated II condition, or if no "cure date" is given on this Notice of Violation. Also, the above hearing date is mandatory (or all other types of charges) if a certificate of correction (or a cure) is not reviewed by the date indicated to the left, or is not approved by the Department, or if you are offered but have not timely accepted a predecisory stipulation or admit the violation. Refer to the DOB ECB Penalty Schedule at www.nyc.gov/buildings or check the status on ECB query on the website.
YOU MUST ATTEND THE HEARING IF YOU WANT TO CONTEST THE VIOLATION.

Environmental Control Board hearing locations:
☐ Queens,    66 John Avenue, 1st fl.
☒ Manhattan,    66 John Street, 10th fl.
☐ Brooklyn,    9 Bond Street, 7th fl.
☐ Bronx,    3030 3rd Ave., 2nd fl.
☐ Staten Island,    350 St. Marks Place, 1st fl.

Proceedings will be held under the authority of the NYC Charter section 1049-a and the rules promulgated thereunder. This hearing is your opportunity to answer and defend against the allegations set forth above. Failure to appear, unless you admit the violation or an appearance is not required through availability of a Cure or Stipulation (see reverse) will result in a default and imposition of maximum penalties.

For more information: To reschedule your hearing or inquire about the case status, call the Environmental Control Board at the numbers listed above. For information on certifying correction of this violation, read instructions on the Certificate of Correction form, call Department of Buildings at 311, or visit the ECB Violation section at www.nyc.gov/buildings.

| Issuing officer's last name, first initial (print): **Singer R** | I personally observed the violation(s) charged and/or verified their existence through a review of departmental records. |
|---|---|
| Badge number **1171313** | Title Code **SE** | Issuing officer's signature |
| | This statement is affirmed under penalty of perjury. |

35027176L

ORIGINAL - ECB COPY    ECB-PC (rev. 5/12)