TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP
*Counsel for Metropolitan National Bank*
900 Third Avenue
New York, New York 10022
Wayne H. Davis, Esq.
Telephone: (212) 508-6700
Facsimile: (212) 371-1084
Email: davis@thsh.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                              :
                                                    :
OTR MEDIA GROUP, INC.,                              :     Chapter 11
                                                    :     Case No. 11-47385 (ESS)
                                    Debtor.         :
------------------------------------------------------------x

## OMNIBUS RESPONSE OF METROPOLITAN NATIONAL BANK TO
## THE FINAL FEE APPLICATIONS OF DEBTOR'S LEGAL PROFESSIONALS

Metropolitan National Bank ("MNB"), by its undersigned counsel, hereby responds to the final fee applications (the "Final Fee Applications") of Goetz Fitzpatrick LLP ("Goetz") [ECF No. 551], Bryan Cave, LLP ("Bryan Cave") [ECF No. 556], Novack Burnbaum Crystal LLP ("Novack") [ECF No. 557], and the Debtor, on behalf of The Law Office of Ariel S. Holzer ("Holzer"), Bartfield & Knopfler PLLC ("Bartfield"), GoldmanHarris LLC ("Goldman"), and Cohen Hochman & Allen ("Cohen," and together with Goetz, Bryan Cave, Novack, Holzer, Bartfield and Goldman, the "Legal Professionals") [ECF No. 558][1] and states as follows:

---

[1] Collectively referred to as the "Final Fee Applications."

## Preliminary Statement

The aggregate amount of compensation sought in the Final Fee Applications significantly exceeds the total amounts budgeted by OTR Media Group, Inc. (the "Debtor") and agreed to by MNB under the nineteen interim orders approved by the Court authorizing the Debtor's use of cash collateral.[2] Accordingly, in the event the Debtor's pending motion to dismiss its Chapter 11 case is either not granted or the dismissal is delayed such that the Debtor seeks to make payment of any amounts awarded pursuant to the Final Fee Applications while it remains in Chapter 11, such amounts should not be paid out of MNB's cash collateral.

## Response

1.  MNB is the Debtor's primary secured creditor, with a perfected first lien on substantially all of the Debtor's assets, including its cash.

2.  Throughout the Debtor's bankruptcy case, MNB approved a series of monthly expense budgets proposed by the Debtor pursuant to which the Debtor would use MNB's cash collateral to fund the Debtor's operational expenses, including the payment of legal fees. Each of these budgets was incorporated into one of the Interim Cash Collateral Orders entered to date. In each of the Interim Cash Collateral Orders, MNB has expressly reserved its right to object to the allowance of any professional fees and disbursements.[3]

3.  On September 28, 2011, the Court issued its first Interim Cash Collateral Order [ECF No. 34]. As one condition of the granting of the first Interim Cash Collateral Order, the Debtor represented that, to the best of its knowledge, the proposed budget was achievable and

---

[2] See ECF Nos. 34, 102, 131, 216, 238, 266, 274, 303, 325, 326, 348, 387, 420, 429, 490, 498, 534 and 545 (collectively, the "Interim Cash Collateral Orders").

[3] See e.g. First Interim Cash Collateral Order ¶ 12 [ECF No. 34]; see also e.g. Nineteenth Interim Cash Collateral Order ¶ 8(b) [ECF No. 545].

included all reasonable, necessary and foreseeable expenses to be incurred in the operation of its business during the specified period [ECF No. 34, § 4].

4. All of the Interim Cash Collateral Orders include, as an item of their approved budgets, the allocation of a specified amount for the payment of legal fees. The exact amounts of the budgeted legal fees in each of the Interim Cash Collateral Orders are as follows:

| Interim Cash Collateral Order No. | Budgeted Legal Fees |
|---|---|
| First | $25,000 |
| Second | $35,000 |
| Third | $35,000 |
| Fourth | $38,000 |
| Fifth | $38,000 |
| Sixth | $38,000 |
| Seventh | $38,000 |
| Eighth | $38,000 |
| Ninth | $38,000 (for Nov. 2012) $38,000 (for Dec. 2012) |
| Tenth | $38,000 |
| Eleventh | $40,000 |
| Twelfth | $40,000 |
| Thirteenth | $40,000 |
| Fourteenth | $44,000 |
| Fifteenth | $44,000 |
| Sixteenth | $44,000 |
| Seventeenth | $44,000 |
| Eighteenth | $44,000 |
| Nineteenth | $44,000 |
| Twentieth (proposed)[4] | $44,000 |
| **TOTAL** | **$827,000** |

The so-called "Carve-Out" provision of the Interim Cash Collateral Orders confirmed the Debtor's obligation to remain within the boundaries of its agreed upon budgets while providing the Debtor with an additional $25,000 margin for the payment of professional fees.[5] As a result,

---

[4] The twentieth Interim Cash Collateral Order has been agreed to and includes a budget of the Debtor's expenses for November 2013, but has yet to be approved and entered by the Court.
[5] See e.g. Nineteenth Interim Cash Collateral Order ¶ 12 (stating, in relevant part, "Carve Out means the sum of all fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the U.S. Trustee [and] the payment

3

the Debtor's aggregated budget for legal professionals under the Interim Cash Collateral Orders can be no greater than $852,000 (the "Total Legal Expense Budget").

5. On October 28, 2013, the Final Fee Applications were filed, requesting payment of amounts previously held back by the Court and payment of fees accrued since their most recent prior fee applications (together, the "Current Amounts"). The Current Amounts would be in addition to compensation previously approved by order of the Court (the "Prior Payments Awarded," and together with the Current Amounts, the "Total Amounts Requested"). The Current Amounts, Prior Payments Awarded and Total Amounts Requested for each Legal Professional are as follows:

| Legal Professional | Current Amounts | Prior Payments Awarded | Total Amounts Requested |
|---|---|---|---|
| Goetz | $378,910.71 | $382,317.24 | $761,227.95 |
| Bryan Cave | $351,563.96 | $95,043.46 | $446,607.42 |
| Novack | $92,318.14 | $0 | $92,318.14 |
| Holzer | $31,540.79 | $128,232.25 | $159,773.04 |
| Bartfield | $5,457.84 | $17,891.16 | $23,349.17 |
| Goldman | $113,711.49 | $147,882.95 | $261,594.44 |
| Cohen | $34,595.00 | $81,300 | $115,895.00 |
| **TOTALS** | **$1,008,097.93** | **$852,667.06** | **$1,860,765.16** |

6. Because Prior Payments Awarded have already exceeded the Debtor's Total Legal Expense Budget in accordance with with the terms of the Interim Cash Collateral Orders, no portion of the Current Amounts should be allowed to be paid from MNB's cash collateral.

---

of allowed professional fees . . . not to exceed the sum of (i) unpaid Professional Fees and Disbursements incurred prior to the delivery of the Carve Out Trigger Notice in accordance with the Budget plus (ii) $25,000") (emphasis added).

4

7. For the reasons stated above, MNB submits that any order awarding all or any portion of the Current Amounts explicitly provide that such Current Amounts shall not be paid out of MNB's cash collateral.

Dated: New York, New York
November 12, 2013

Respectfully submitted,

**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**

By: /s/ Wayne H. Davis
Wayne H. Davis
900 Third Avenue
New York, New York 10022
(212) 508-6700
(212) 371-1084

*Attorneys for Metropolitan National Bank*