Gary M. Kushner
Ronald D. Coleman
Scott D. Simon
Goetz Fitzpatrick LLP
One Penn Plaza, 44th Floor
New York, New York 10119
Tel: (212) 695-8100
gkushner@goetzfitz.com
rcoleman@goetzfitz.com
ssimon@goetzfitz.com

*Attorneys for Debtor*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>In re:<br><br>OTR MEDIA GROUP INC.,<br><br>                                  Debtor.<br>------------------------------------------------------------X | Chapter 11<br><br>Case No. 1-11-47385 (ESS)<br><br>**REPLY TO METROPOLITAN<br>NATIONAL BANK'S RESPONSE<br>TO FINAL FEE APPLICATIONS<br>OF DEBTOR'S PROFESSIONALS** |

**TO THE HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE:**

        OTR Media Group, Inc. ("OTR" or "Debtor"), by its chapter 11 counsel, Goetz Fitzpatrick LLP, replies to the response of Metropolitan National Bank ("MNB") dated November 12, 2013 [ECF No. 563] (the "MNB Response") to the Final Fee Applications of the Debtor's professionals.[1] In support thereof, the Debtor respectfully states as follows:

**Preliminary Statement**

    1.    Neither the Debtor nor any of the applicants comprising the Final Fee Applications take issue with the position asserted in the MNB Response. Counsel for MNB has been alerted by the Debtor that no payments will be made to the Debtor's professionals during the pendency of the chapter 11 case, with use of MNB's cash collateral.

---

[1] All capitalized terms used herein shall have the same meaning ascribed to the MNB's unless otherwise indicated to the contrary.

2. It was, and remains, the applicants intention to make arrangements with the Debtor so that payments on allowed fees would occur <u>after</u> (i) the entry of the dismissal order; and (ii) the Debtor has finalized its agreement with MNB with respect to the payment of the loan balance.

3. The allowance of fees in a bankruptcy case where it concerns the Debtor's professionals can only occur through the fee applications which are now before the Court. The Final Fee Applications are not only required under the Bankruptcy Code, but also by virtue of the various retention orders of the Debtor's professionals.

4. The applicants fully recognize that their outstanding claims for legal fees are substantial. They also realize that the Debtor is incapable of paying these fees, in full, either during the case or shortly after dismissal, regardless of whether or not MNB gives its consent to use of cash collateral.

5. Each professional understands that the fees awarded by this Court in regard to the respective Final Fee Applications will not be paid immediately or at the expense of MNB's rights.

6. For these reasons, the Final Fee Applications should be granted and an appropriate order should be entered on terms acceptable to MNB.

## **Reply**

7. Pursuant to section 330 of the Bankruptcy Code, the Bankruptcy Court may award "reasonable compensation" to professionals that were retained by the debtor in possession "for actual, necessary services." 11 U.S.C. Section 330. Services are necessary if they were "reasonably likely to benefit the estate." *In re Kohl*, 421 B.R. 115, 125 (Bankr. S.D.N.Y.2009).

8. An objective test is used, and examines whether a reasonable attorney would have performed those services under the same circumstances. *Id. (citing In re Ames Dep't Stores, Inc.*, 76 F.3d 66 (2d Cir. 1996)). The professionals bear the burden of establishing the reasonableness of their fee applications. *In re Bennett Funding Group*, 213 B.R. 234, 244 (Bankr.N.D.N.Y. 1997).

9. Bankruptcy Rule 2016 further requires parties seeking compensation and reimbursement of expenses from the estate to provide a detailed statement of the services rendered, time expanded, and expenses incurred. Local Rule 2016-1 further requires the professional to comply with the U.S. Trustee's guidelines, which require, in part, that all fee applications "include sufficient detail to demonstrate compliance with the standards set forth in 11 U.S.C. section 330." This includes arranging time entries into project categories and providing a narrative describing each project, its necessity to the estate, and its status.

10. The Final Fee Applications were filed in order to comply with these specific requirements of the Bankruptcy Code and the correlating rules under the Federal Rules of Bankruptcy Procedure

11. Likewise, each of the retention orders for the Debtor's professionals contains the following language (or language of similar substance):

> "ORDERED that all compensation to be paid to [name of professional] shall be made only by proper application and order of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Procedure for the Eastern District of New York and any applicable orders of this Court."

12. The applicants, individually and collectively, view the provisions of the Bankruptcy Code and the retention orders as imposing upon them an affirmative obligation to submit their fee requests to this Court (before the chapter 11 case is dismissed) in order to get an award which may be enforced at a future time.

13. MNB seemingly interprets the Final Fee Applications as requests for "payment" of fees <u>before</u> the chapter 11 case is dismissed. (<u>See</u> MNB Response, ¶ "5"). Although each of the applicants in their respective Final Fee Application, in one place or another, has made a "request" for the <u>payment</u> of fees, none of the Final Fee Applications have requested the Debtor to make immediate payment, before the chapter 11 case is dismissed, or with use of MNB's cash collateral.

14. Counsel for MNB has been specifically advised that the order(s) granting the respective Final Fee Applications will be presented to the Court after MNB's approval of the form and content of these orders.

15. Consequently, neither the Debtor's nor the applicant's expectation on payment will be at odds with the MNB Response.

16. MNB has no objection to the amount of fees or disbursements requested in any of the Final Fee Applications.

17. In light of the above, the Final Fee Applications should be granted.

Dated: New York, New York
November 15, 2013

>Goetz Fitzpatrick LLP
>Attorneys for Debtor
>
>
>By: /s/Gary M. Kushner
>Gary M. Kushner
>A Partner of the Firm
>One Pennsylvania Plaza
>44th Floor
>New York, New York 10119
>(212) 695-8100

t:\kushner\kdrive\kushner\otr - chapter 11\chapter 11\reply to mnb resp. to fee app..doc